**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEVON CURTIS, individually and on behalf of all other similarly situated individuals, | |
| Plaintiffs, | Case No. 1:21-cv-06079 |
| v. | Judge: Steven C. Seeger |
| 7-Eleven, Inc., | Magistrate: Jeffrey I. Cummings |
| Defendant. | |

**DEFENDANT 7-ELEVEN'S MOTION TO DISMISS
PLAINTIFF'S CLASS ACTION COMPLAINT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant 7-Eleven, Inc. ("7-Eleven") respectfully moves this Honorable Court to dismiss Plaintiff Devon Curtis's Class Action Complaint in its entirety and with prejudice. In support thereof, and as explained in 7-Eleven's accompanying Memorandum of Law, 7-Eleven states as follows:

1. Plaintiff commenced this putative class action against 7-Eleven, alleging that she was injured by purchasing 7-Eleven's "24/7 Life" private brand plastic products from a 7-Eleven store in Chicago, Illinois. *See generally* Dkt. No. 1-1.

2. Plaintiff suffered no physical injury. Instead, her Complaint states that, under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), she was injured by her purchase of four 24/7 branded items (specifically, foam plates, foam cups, party cups, and freezer bags) because she says that 7-Eleven misled consumers into believing that its 24/7 branded plastic products will be recycled. *Id.* ¶ 41.

3. Plaintiff's Complaint should be dismissed with prejudice for at least three reasons.

4. ***First***, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) because she lacks standing. Plaintiff does not allege any factual basis to support the notion that the products were worth less than the amount she paid. Plaintiff's conclusory allegations that she and members of the class were injured by paying a premium for the products at issue is not a cognizable injury and there is no cause of action under the ICFA when a plaintiff fails to allege actual damages. Plaintiff also does not even allege that the specific products she purchased were not recycled. Plaintiff assumes the products at issue were not recycled, but such speculation is not enough to satisfy Article III standing. And she lacks standing to sue on behalf of the class for the products that she did not purchase for herself, and for injunctive relief because it is well-established that named plaintiffs cannot pursue class wide claims based on an injury they do not have and where they do not allege a risk of future harm.

5. ***Second***, this case should be dismissed under Rule 12(b)(6) because Plaintiff has improperly conjoined separate consumer fraud claims under multiple state consumer fraud statutes, and simply asks this Court to accept that all consumer fraud statutes throughout the country are "materially identical." *Id.* ¶¶ 50, 59.

6. ***Third***, Plaintiff's Complaint should be dismissed on the merits under Rule 12(b)(6). Putting aside the pleading deficiencies under Rules 8 and 9, the Complaint is fundamentally flawed because her expectations for the products stems from promises 7-Eleven never made. Specifically, Plaintiff does not, and cannot, identify any express statement that the products she purchased would be recycled. Thus, her Complaint must be dismissed because 7-Eleven's representations are true.

Accordingly, for the reasons set forth above, and the reasons set forth in the accompanying memorandum of law, Defendant 7-Eleven moves this Court for an Order dismissing Plaintiff Devon Curtis's Class Action Complaint in its entirety and with prejudice.

Dated: December 10, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　By:　*/s/ Daniel M. Blouin*
　　　　　　　　　　　　　　　　　　　　Daniel M. Blouin
　　　　　　　　　　　　　　　　　　　　Tyler C. Richards
　　　　　　　　　　　　　　　　　　　　Frank A. Battaglia
　　　　　　　　　　　　　　　　　　　　WINSTON & STRAWN LLP
　　　　　　　　　　　　　　　　　　　　35 W. Wacker Drive
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　　　312-558-5600
　　　　　　　　　　　　　　　　　　　　312-558-5700 (fax)
　　　　　　　　　　　　　　　　　　　　DBlouin@winston.com
　　　　　　　　　　　　　　　　　　　　FBattaglia@winston.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant 7-Eleven*

## **CERTIFICATE OF SERVICE**

    The undersigned, an attorney, hereby certifies that on the 10th day of December, 2021, the foregoing Defendant 7-Eleven's Motion to Dismiss Plaintiff's Class Action Complaint was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois, and was served by operation of that Court's electronic filing system on all parties of record.

Dated: December 10, 2021                */s/ Daniel M. Blouin*
                                                         Daniel M. Blouin