**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEVON CURTIS, individually and on behalf of all other similarly situated individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>7-Eleven, Inc.,<br><br>        Defendant. | Case No. 1:21-cv-06079<br><br>Judge: Steven C. Seeger<br>Magistrate: Jeffrey I. Cummings |

**DEFENDANT 7-ELEVEN'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Daniel M. Blouin
Tyler C. Richards
Frank A. Battaglia
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
312-558-5600
312-558-5700 (fax)
Dblouin@winston.com
Trichards@winston.com
Fbattaglia@winston.com

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................... 1

II.   BACKGROUND ..................................................................................................... 2

III.  LEGAL STANDARD.............................................................................................. 3

IV.  ARGUMENT .......................................................................................................... 4

     A.    Plaintiff Fails to Sufficiently Identify the Products at Issue in This Case. ................... 5

     B.    Count I Fails for Numerous Independent Reasons. ........................................................ 5

          1.    Plaintiff improperly conjoins separate claims under multiple state consumer fraud statutes. ....................................................................................... 6

          2.    7-Eleven has not engaged in a deceptive act or practice. ................................... 6

          3.    Plaintiff fails to sufficiently plead actual pecuniary loss. .................................. 8

     C.    Plaintiff Fails to State a Viable Breach of Warranty Claim................................................. 9

     D.    The Unjust Enrichment Claim Cannot Stand................................................................... 9

     E.    Plaintiff Lacks Article III Standing to Pursue the Asserted Claims. ........................... 10

          1.    Plaintiff fails to establish an injury in fact. ....................................................... 10

          2.    Plaintiff cannot pursue claims on products she did not purchase. ..................... 11

          3.    Plaintiff lacks standing to pursue injunctive relief. ........................................... 12

V.    CONCLUSION...................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AnchorBank, FSB v. Hofer*,
    649 F.3d 610 (7th Cir. 2011) ..................................................................3

*Anthony v. Country Life Mfg., LLC.*,
    70 F. App'x 379 (7th Cir. 2003) ..............................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................3

*Avery v. State Farm Mut. Auto. Ins. Co.*,
    216 Ill. 2d 100, 835 N.E.2d 801 (2005)..................................................7

*Beardsall v. CVS Pharmacy, Inc.*,
    No. 16 C 6103, 2019 WL 1168103 (N.D. Ill. Mar. 13, 2019) .................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................3

*Benson v. Fannie May Confections Brands, Inc.*,
    2018 WL 1087639 (N.D. Ill. 2018) .......................................................13

*Benson v. Fannie May Confections Brands, Inc.*,
    944 F.3d 639 (7th Cir. 2019) ....................................................3, 5, 9, 11

*Borsellino v. Goldman Sachs Grp., Inc.*,
    477 F.3d 502 (7th Cir. 2007) ..................................................................4

*Brooks v. Ross*,
    578 F.3d 574 (7th Cir. 2009) ..................................................................3

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir. 2014) ....................................................10, 11, 13

*CHS Acquisition Corp. v. Watson Coatings, Inc.*,
    No. 17-CV-4993, 2018 WL 3970137 (N.D. Ill. Aug. 20, 2018) .............6

*Cleary v. Philip Morris Inc.*,
    656 F.3d 511 (7th Cir. 2011) ................................................................10

*Cooney v. Chicago Pub. Sch.*,
    407 Ill.App.3d 358, 943 N.E.2d 23 (2010) .............................................8

*De Bouse v. Bayer*,
    235 Ill. 2d 544, 922 N.E.2d 309 (2009) ....................................................................7

*Dinerstein v. Google, LLC*,
    484 F. Supp. 3d 561 (N.D. Ill. 2020) ......................................................................9

*Freeman v. MAM USA Corp.*,
    528 F. Supp. 3d 849 (N.D. Ill. 2021) ....................................................................13

*Geske v. PNY Techs., Inc.*,
    503 F. Supp. 3d 687 (N.D. Ill. 2020) ......................................................................7

*Halperin v. Int'l Web Servs., LLC*,
    123 F. Supp. 3d 999 (N.D. Ill. 2015) ......................................................................8

*Hammer v. Twin Rivers*,
    2017 WL 2880899 (N.D. Ill. 2017) .......................................................................10

*In re Herbal Supplements Mktg. & Sales Practices Litig.*,
    No. 15-CV-5070, 2017 WL 2215025 (N.D. Ill. May 19, 2017)............................13

*Horist v. Sudler & Co.*,
    941 F.3d 274 (7th Cir. 2019) ................................................................................10

*Kisting v. Gregg Appliances, Inc.*,
    No. 16-CV-141, 2016 WL 5875007 (E.D. Wis. Oct. 7, 2016)..............................11

*Lewis v. Casey*,
    518 U.S. 343 (1996).............................................................................................12

*Mednick v. Precor, Inc.*,
    320 F.R.D. 140 (N.D. Ill. 2017)..............................................................................6

*Mulligan v. QVC, Inc.*,
    382 Ill.App.3d 620, 888 N.E.2d 1190 (2008) (2008) ..............................................8

*Mullins v. Direct Digital, LLC*,
    795 F.3d 654 (7th Cir. 2015) ..................................................................................7

*Oliveira v. Amoco Oil Co.*,
    201 Ill.2d 134, 267 Ill. Dec. 14, 776 N.E.2d 151 (2002) ........................................9

*Padilla v. Costco Wholesale Corp.*,
    No. 11 C 7686, 2012 WL 2397012 (N.D. Ill. June 21, 2012) ...............................12

*Payton v. County of Kane*,
    308 F.3d 673 (7th Cir. 2002) ................................................................................12

*Pearson v. Target Corp.*,
No. 11 CV 7972, 2012 WL 7761986 (N.D. Ill. Nov. 9, 2012) ................................................12

*Perdue v. Hy-Vee, Inc.*,
455 F. Supp. 3d 749 (C.D. Ill. 2020) ....................................................................................8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreens Co.*,
631 F.3d 436 (7th Cir. 2011) ..............................................................................................4

*Porter v. NBTY, Inc.*,
No. 15 CV 11459, 2016 WL 6948379 (N.D. Ill. Nov. 28, 2016) ........................................11

*Sandee's Catering v. Agri Stats, Inc.*,
No. 20 C 2295, 2020 WL 6273477 (N.D. Ill. Oct. 26, 2020) .............................................6

*Spokeo Inc. v. Robins*,
578 U.S. 330 (2016), *as revised* (May 24, 2016).........................................................4, 10

*Stemm v. Tootsie Roll Indus., Inc.*,
374 F. Supp. 3d 734 (N.D. Ill. 2019) ................................................................................7, 9

*Thrasher-Lyon v. Illinois Farmers Ins. Co.*,
861 F. Supp. 2d 898 (N.D. Ill. 2012) ................................................................................11

*Tierney v. Advocate Health & Hosp. Corp.*,
797 F.3d 449 (7th Cir. 2015) ..............................................................................................3

*Toulon v. Cont'l Cas. Co.*,
No. 15 CV 138, 2016 WL 561909 (N.D. Ill. Feb. 12, 2016).............................................4

*Tylka v. Gerber Products Co.*,
178 F.R.D. 493 (N.D. Ill. 1998).........................................................................................6

*Ulrich v. Probalance, Inc.*,
No. 16 C 10488, 2017 WL 3581183 (N.D. Ill. Aug 18, 2017)....................................12, 13

**Statutes**

815 ILCS 505/1 *et seq.*..............................................................................................................6

815 ILCS 505/10a(a)..................................................................................................................8

815 ILCS § 505/10a(c)..............................................................................................................12

Illinois Consumer Fraud Act ............................................................................................ *passim*

**Other Authorities**

16 C.F.R. pt. 260 ..............................................................................................................1, 7, 8

Fed. R. Civ. P. 9(b) ..................................................................................................3

Rule 12(b)(1) ...........................................................................................................4

Rule 12(b)(6) ...........................................................................................................3

## I.     INTRODUCTION

This case centers on Plaintiff's position that 7-Eleven defrauded its consumers by representing that its "24/7 Life" private brand plastic products were "recyclable" when, in fact, the products may not actually be recycled. The disconnect in Plaintiff's argument, however, is that "recyclable"—which is the term used on the 7-Eleven products at issue—does not mean a product will be recycled. Instead, the word simply means "capable of being recycled." And the dictionary definition is consistent with how the federal government defines the term. Specifically, the FTC Green Guides, which Plaintiff references in the Complaint, define a product as "recyclable"—and allow it to be labelled as such—if the product "***can be*** collected, separated or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item." 16 C.F.R. pt. 260, 1998 WL 190322, at *13 (emphasis added).

Given the term's well-established, unambiguous definition, 7-Eleven's representation that a product is "recyclable" would not mislead a reasonable consumer. Accordingly, 7-Eleven has not defrauded consumers nor otherwise engaged in a deceptive act or practice. For this reason alone, Plaintiff's case cannot stand. Moreover, Plaintiff has not sufficiently alleged actual pecuniary loss.

The Complaint should be dismissed for numerous additional reasons. First, Plaintiff fails to sufficiently identify the products at issue in this case. Plaintiff's omission is significant for multiple reasons, including the fact that, as Plaintiff acknowledges, relevant disclaimers vary from product to product. Plaintiff also acknowledges that determining whether an item is recycled varies from product to product, and presumably from recycling facility to facility. Given this litany of variables, it is essential that Plaintiff provide 7-Eleven a specific list of items at issue so that it can prepare a full and complete defense.

In a similar way, the Complaint is deficient because Plaintiff does not sufficiently define the parameters of her statutory fraud claim. Specifically, in Count I, Plaintiff seeks to recover on behalf of herself and a national class of individuals for violating the Illinois Consumer Fraud Act ("ICFA") "as well as other materially identical consumer fraud statues enacted by states throughout the country." (Compl. ¶¶ 50, 59.) Contrary to Plaintiff's bald assertion, however, the consumer fraud laws throughout the country are anything but "identical." In fact, consumer fraud laws vary significantly throughout the country. Given this variability, 7-Eleven is entitled to have the claims leveled against it more clearly defined at the pleading stage.

Finally, Plaintiff lacks Article III standing to pursue the asserted claims because she was not injured. Plaintiff also lacks standing to pursue claims involving products she did not purchase, and she lacks standing to seek injunctive relief.

## II.    BACKGROUND

7-Eleven operates one of the largest chains of convenience stores in the country with thousands of locations throughout the United States. (Compl. ¶ 1.) The company sells many products, including "24/7 branded" plastic products. (*Id.* ¶ 3.)

Plastic products fall into one of seven categories based on the type of resin used in the product. (*Id.* ¶ 20.) "RICs 1 through 6 are specific plastic resins, and RIC 7 is a catch all for all remaining plastic resins." (*Id.*) As Plaintiff acknowledges, RIC 5 and RIC 6 items can be recycled, i.e., they are "recyclable." (*See, e.g.*, *id.* ¶¶ 24, 29.)

Plaintiff resides in Cook County, Illinois. (*Id.* ¶ 8.) In the summer of 2021, she purchased four 24/7 branded items from a 7-Eleven store in Chicago, specifically foam plates, foam cups, party cups, and freezer bags. (*Id.* ¶ 37.) The packaging for some items contained the word "recyclable." (*Id.* ¶¶ 21, 28-29.) The packaging for one item contained the statement "made with

recyclable polyethylene." (*Id.* ¶ 30.) Some packages contained the separate statement, "[c]heck your local municipality for recycling guidelines." (*Id.* ¶ 24.)

All three causes of action in Plaintiff's Complaint hinge on the underlying allegation that 7-Eleven misled consumers into believing that its 24/7 branded plastic products will be recycled. Plaintiff seeks both monetary and injunctive relief on behalf of herself and classes of individuals throughout the United States who "purchased any of Defendant's 24/7 Life plastic products that were labeled as recyclable and: (1) did not feature an RIC number on the product itself, and/or (2) was made from RIC 5 plastic, and/or (3) was made from RIC 6 plastic." (*Id.* ¶ 41.)

## III.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 12(b)(6). While well-pleaded facts are taken as true for purposes of a motion to dismiss, factual allegations must be more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, "allegations in the form of legal conclusions are insufficient" to state a claim for relief that is plausible on its face. *Tierney v. Advocate Health & Hosp. Corp.*, 797 F.3d 449, 451 (7th Cir. 2015). A complaint that "merely parrot[s] the statutory language of the claims . . . rather than providing some specific facts to ground those legal claims" must be dismissed. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

For fraud-based claims, Plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This ordinarily requires describing the "who, what, when, where, and how of the alleged fraud." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (citing *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019)); *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Conclusory allegations that

3

a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule. Rule 9(b) applies to "averments of fraud, not claims of fraud." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). "A claim that sounds in fraud—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Id.* A claim alleging fraud under the ICFA "must be pled with the same particularity and specificity as that required under common law fraud." *Toulon v. Cont'l Cas. Co.*, No. 15 CV 138, 2016 WL 561909, at *5 (N.D. Ill. Feb. 12, 2016) (citing *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 501, 675 N.E.2d 584, 593 (1996)); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreens Co.*, 631 F.3d 436, 441 (7th Cir. 2011).

In addition, to survive a motion to dismiss under Rule 12(b)(1) for lack of standing, a plaintiff must present sufficient facts that she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016); Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of proof and must clearly allege facts establishing each element. *Id.* In other words, the injury must actually exist. *Id.* at 340. "Even named plaintiffs who represent a class must allege and show that they personally have been injured." *Id.* at 339 n.6.

## IV.    ARGUMENT

Each of the claims asserted in the Complaint rest on the same faulty foundation that the term "recyclable" is tantamount to a guarantee that a product will be recycled. Plaintiff's unreasonable interpretation of the term "recyclable" is not only inconsistent with the dictionary definition of the word, but her position also flies in the face of guidance provided by the FTC. When stripped of its unsound foundation, Plaintiff's Complaint cannot stand. The Complaint should be dismissed for several other reasons, each of which are detailed below.

### A. Plaintiff Fails to Sufficiently Identify the Products at Issue in This Case.

Plaintiff alleges that she purchased four 24/7 branded items from a 7-Eleven store in Chicago–foam plates, foam cups, party cups, and freezer bags. (Compl. ¶ 37.) Plaintiff does not, however, limit the universe of products at issue in this case to the four items she purchased. Instead, Plaintiff apparently challenges a much broader list of "24/7 Life plastic products." (*See, e.g.*, *id.* ¶ 41.) Plaintiff's failure to restrict the products at issue creates several problems. First, as discussed *infra*, p. 11, 12, Plaintiff cannot pursue claims on products she did not purchase.

Separate and apart from that issue, Plaintiff's failure to identify the specific products at issue is in derivation of her obligations under Federal Rule 9(b) to provide, with specificity, the "who, what, when, where, and how of the alleged fraud." *Benson*, 944 F.3d at 646. This pleading requirement is especially crucial here because, as Plaintiff acknowledges, the statements on the packaging vary from product to product. (*See, e.g.*, Compl. ¶¶ 21, 24, 30.) Moreover, Plaintiff has alleged that the purported recycling challenges vary from product to product, and presumably from recycling facility to facility. (*See, e.g.*, *id.* ¶¶ 22-24, 28-29, 40.) Given this litany of variables, it is essential that Plaintiff provide 7-Eleven with a specific list of items at issue so that it can fully develop its defenses.

### B. Count I Fails for Numerous Independent Reasons.

Count I should be dismissed for three distinct reasons. First, Plaintiff seeks relief on behalf of a national class for violating the ICFA "as well as other materially identical consumer fraud statues enacted by states throughout the country." (Compl. ¶¶ 50, 59.) Contrary to Plaintiff's bald assertion, however, the consumer fraud laws throughout the country are anything but "identical." To the contrary, several courts have repeatedly held that state consumer fraud laws have outcome-determinative differences. Although class certification is not yet before this Court, 7-Eleven has a right to have the claims leveled against it clearly defined at the pleading stage so that it can prepare

its defense. Second, even if limited to a claim under the ICFA, Count I cannot stand because Plaintiff has not alleged an actionable misrepresentation. And third, Count I should be dismissed because Plaintiff has not alleged actual damage.

        1.    <u>Plaintiff improperly conjoins separate claims under multiple state consumer fraud statutes.</u>

As several courts have recognized, state consumer fraud statutes often conflict, and frequently have subtle but nevertheless outcome-determinative nuances. *Tylka v. Gerber Products Co.*, 178 F.R.D. 493, 498 (N.D. Ill. 1998) ("a brief review of the applicable statutes reveals not only nuances, but differing standards of proof, procedure, substance, and remedies."); *Mednick v. Precor, Inc.*, 320 F.R.D. 140, 153 (N.D. Ill. 2017) ("[w]hen the Court takes a peek beyond Illinois law, it turns out that the different states differ in what they allow an individual to recover under their consumer fraud statutes… ."). As such, to the extent that Plaintiff intends to pursue claims under various statutes, 7-Eleven is entitled to know exactly which laws are at issue so that it can respond accurately and completely. *Sandee's Catering v. Agri Stats, Inc.*, No. 20 C 2295, 2020 WL 6273477, at *12 (N.D. Ill. Oct. 26, 2020) (holding plaintiff did not meet its Rule 8 pleading requirements where plaintiffs failed to clearly state under which laws or which States plaintiff wished to bring its claims).

        2.    <u>7-Eleven has not engaged in a deceptive act or practice.</u>

Even if limited to the ICFA, Count I should be dismissed. To state a claim for relief under the ICFA, a plaintiff must allege: (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involved trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception. 815 ILCS 505/1 *et seq.*; *CHS Acquisition Corp. v. Watson Coatings, Inc.*, No. 17-CV-4993, 2018 WL 3970137, at *12 (N.D. Ill. Aug. 20, 2018) (quoting *Cocroft v. HSBC*

*Bank USA, N.A.*, 796 F.3d 680, 687 (7th Cir. 2015)); *De Bouse v. Bayer*, 235 Ill. 2d 544, 550, 922

N.E.2d 309, 313 (2009); *Avery v. State Farm Mut. Auto. Ins. Co*., 216 Ill. 2d 100, 190, 835 N.E.2d

801, 856 (2005). A deceptive act or practice under the ICFA is one that "creates a likelihood of

deception or has the capacity to deceive." *Stemm v. Tootsie Roll Indus., Inc*., 374 F. Supp. 3d 734,

739–40 (N.D. Ill. 2019) (citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001)).

Courts apply a "reasonable consumer" standard in evaluating the likelihood of deception. *See*

*Mullins v. Direct Digital, LLC*, 795 F.3d 654, 673 (7th Cir. 2015).

And a plaintiff's unreasonable assumptions about a product's label will not suffice. *See*

*Geske v. PNY Techs., Inc*., 503 F. Supp. 3d 687, 705 (N.D. Ill. 2020) (noting that the "reasonable

consumer" standard "requires more than a mere possibility that [a] label might conceivably be

misunderstood by some few consumers viewing it in an unreasonable manner."); *see also*

*Beardsall v. CVS Pharmacy, Inc*., No. 16 C 6103, 2019 WL 1168103, at *3–4 (N.D. Ill. Mar. 13,

2019) (same). Instead, "the reasonable consumer standard requires a probability that a significant

portion of the general consuming public . . . acting reasonably in the circumstances, could be

misled." *Geske*, 503 F. Supp. 3d at 705 (internal citation omitted).

7-Eleven's use of the term "recyclable" does not mislead the reasonable consumer. The

term "recyclable" does not mean "will be recycled." Instead, the common definition of

"recyclable" is "capable of being recycled." *See Recyclable*, American Heritage Dictionary of the

English Language (5th ed. 2016) (defining "recyclable" to mean, among other things, "capable of

being recycled."). And the dictionary definition tracks how the federal government defines the

term. Specifically, the FTC Green Guides, which Plaintiff references in the Complaint (Compl. ¶

26), define a product as "recyclable"—and allow it to be labelled as such—if the product "***can be***

collected, separated or otherwise recovered from the waste stream through an established recycling

program for reuse or use in manufacturing or assembling another item." 16 C.F.R. pt. 260, 1998 WL 190322, at *13 (emphasis added.)

Importantly, Plaintiff has not alleged, nor can she properly assert, that the 7-Eleven products at issue cannot be collected and reused. To the contrary, she implicitly acknowledges that plastic products, including those that fall into RIC categories 5 and 6, can be recycled. (*See, e.g.*, Compl. ¶¶ 24, 29.) At most, Plaintiff alleges that certain products may not be recycled in some areas or at specific municipal facilities. (*See, e.g.*, *id.* ¶ 23.) 7-Eleven does not dispute this fact, and accordingly, notifies consumers through an express statement on the product packaging that they should check their municipality for recycling guidelines. (*Id.* ¶ 24.)

Given these facts, no reasonable consumer would conclude that the 24/7 Life plastic products they bought from 7-Eleven will necessarily be recycled. Even if consumers have any doubt in that regard, they should have followed the recommendation on the product packaging and checked with their local municipality.

3.    Plaintiff fails to sufficiently plead actual pecuniary loss.

Under the ICFA, only a person who suffers actual damage may bring an action. 815 ILCS 505/10a(a). "The actual damage element of a private ICFA action requires that the plaintiff suffer 'actual pecuniary loss.'" *Halperin v. Int'l Web Servs., LLC*, 123 F. Supp. 3d 999, 1008 (N.D. Ill. 2015) (citing *Kim v. Carter's Inc*., 598 F.3d 362, 365 (7th Cir.2010)); *see Cooney v. Chicago Pub. Sch*., 407 Ill.App.3d 358, 943 N.E.2d 23, 31 (2010) ("actual damages must arise from purely economic injuries"); *see also Perdue v. Hy-Vee, Inc*., 455 F. Supp. 3d 749, 769 (C.D. Ill. 2020) ("The plaintiff must allege a purely economic injury, measurable by the plaintiff's loss."); *see also Mulligan v. QVC, Inc*., 382 Ill.App.3d 620, 888 N.E.2d 1190, 1197-98 (2008) (2008) ("If the plaintiff is not materially harmed by the defendant's conduct, however flagrant it may have been, there may be no recovery."). "Actual loss may occur if the seller's deception deprives the plaintiff

of 'the benefit of her bargain' by causing her to pay 'more than the actual value of the property.'" *Benson*, 944 F.3d at 647 (quoting *Kim*, 598 F.3d at 365). Mere allegations without support that plaintiff would have bought another product or paid less are insufficient. *Dinerstein v. Google, LLC*, 484 F. Supp. 3d 561, 579 (N.D. Ill. 2020) (dismissing plaintiff's ICFA claim for merely restating the overpayment theory without providing any factual support.)

Here, Plaintiff alleges in conclusory fashion that she and members of the putative class were injured by paying a premium for the products at issue. (Compl. ¶¶ 35, 40.) Plaintiff, however, does not allege any factual basis to support the notion that the products were worth less than the amount paid. For example, Plaintiff does not identify the prices she paid, the amount she would have paid but for the purported misrepresentations, or the amount she would have paid for another product if she did not purchase the 7-Eleven 24/7 Life products. In short, Plaintiff's allegations on her purported injury are insufficient. *See Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134, 267 Ill. Dec. 14, 776 N.E.2d 151, 160 (2002); *see also Stemm*, 374 F. Supp. 3d at 744 (dismissing ICFA claim because plaintiff failed to plead actual damages).

### C. Plaintiff Fails to State a Viable Breach of Warranty Claim.

Plaintiff's express-warranty claim also fails under Illinois law because Plaintiff does not identify an express promise that 7-Eleven failed to satisfy. Specifically, Plaintiff does not, and cannot, identify any express statement that the products she purchased would be recycled. Without any allegations that the products failed to conform with a specific statement of fact or express description of the goods made by the defendant, there is no claim for breach of express warranty. *See Anthony v. Country Life Mfg., LLC.*, 70 F. App'x 379, 383 (7th Cir. 2003) (affirming dismissal of an express warranty claim because plaintiff failed to allege an affirmative statement of fact or promise or an express description of the goods.).

### D. The Unjust Enrichment Claim Cannot Stand.

Unjust enrichment "is not a separate cause of action under Illinois law." *Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019). If an unjust enrichment claim rests on the same conduct alleged in another claim—as Plaintiff has done here—the "unjust enrichment will stand or fall with the related claim." *Cleary v. Philip Morris Inc.,* 656 F.3d 511, 517 (7th Cir. 2011). As discussed above, Plaintiff's consumer fraud and breach of warranty claims fail for numerous reasons, and so too must her unjust enrichment claim. *See id.*[1]

### E.    Plaintiff Lacks Article III Standing to Pursue the Asserted Claims.

To have standing under Article III of the Constitution, a named plaintiff must demonstrate (1) an injury in fact, which is an invasion of a legally protected interest that is concrete, particularized, and either actual or imminent; (2) causation; and (3) redressability. *Spokeo,* 136 S. Ct. at 1547. Here, Plaintiff cannot establish any injury from the products she purchased, let alone over products she did not purchase. Plaintiff also lacks standing to pursue a claim for injunctive relief.

### 1.    Plaintiff fails to establish an injury in fact.

As discussed *supra*, pp. 8-9, Plaintiff merely alleges in a conclusory fashion that she and members of the putative class were injured by paying a premium for the products at issue. (Compl. ¶¶ 35, 40.) Plaintiff, however, does not allege any factual basis to support the notion that the products were worth less than the amount paid. Without such allegations, Plaintiff cannot establish that she suffered a cognizable injury. *See Camasta v. Jos. A. Bank Clothiers, Inc*., 761 F.3d 732, 740 (7th Cir. 2014) (agreeing with the District Court that plaintiff who failed to allege facts to

---

[1] While the Federal Rules of Civil Procedure and Illinois law permit a plaintiff to plead unjust enrichment in the alternative, to do so, the complaint must be clear that "the claim does not refer to, or incorporate the allegations of, an express contract governing the parties' relationship. *See, e.g.*, *Hammer v. Twin Rivers*, 2017 WL 2880899, *11 (N.D. Ill. 2017). Here, Plaintiff has not pleaded the unjust enrichment claim in the alternative, and she also incorporates her breach of warranty allegations by reference. For this additional reason, Plaintiff's unjust enrichment claim also fails. *Id.*

support his conclusory assertions of actual damage did not sufficiently plead that he paid more than the actual value of the merchandise he received).

On a separate but related note, Plaintiff does not allege sufficient facts that establish the products she purchased were not actually recycled. For example, Plaintiff does not allege that anyone directly informed her the items she bought from 7-Eleven would not be recycled at her local recycling facility, let alone at any other recycling facility. Instead, Plaintiff merely alleges that she "placed the products for recycling with her municipal recycling service after using them…." (Compl. ¶ 39.) Plaintiff then apparently assumes the items were not recycled for the reasons stated previously in her Complaint. (*Id*.) Such speculation, however, does not provide a sufficient basis to satisfy Article III standing requirements. *Camasta*, 761 F.3d at 740; *Benson*, 944 F.3d at 648; *Thrasher-Lyon v. Illinois Farmers Ins. Co*., 861 F. Supp. 2d 898, 908 (N.D. Ill. 2012) (holding plaintiff's conclusory allegations of damages failed to meet Article III standing to proceed on ICFA claims).

### 2.    Plaintiff cannot pursue claims on products she did not purchase.

Courts within this District have held that class-action plaintiffs cannot bring claims involving products they did not purchase. *See, e.g.*, *Porter v. NBTY, Inc.*, No. 15 CV 11459, 2016 WL 6948379, at *3 (N.D. Ill. Nov. 28, 2016) (holding that named plaintiffs in class action cannot overcome Article III standing by solely arguing purchased products are substantially similar to other products because plaintiffs still must satisfy the injury in fact requirement); *see also Kisting v. Gregg Appliances, Inc.*, No. 16-CV-141, 2016 WL 5875007, at *4-5 (E.D. Wis. Oct. 7, 2016) (holding that "an individual does not have standing to bring claims for products he did not

purchase" because he "cannot establish an injury-in-fact with regard to the other [products he did not purchase].")[2]

Here, Plaintiff only identifies four products that she purchased from 7-Eleven. (Compl. ¶ 37.) Despite the limited nature of Plaintiff's purchases, she nevertheless seeks to represent classes of individuals that purchased countless other 7-Eleven products. (*Id.* ¶ 41.) Consistent with the authority cited above, Plaintiff does not have Article III standing to do so.

And it is noteworthy that Plaintiff does not allege that the representations on the packaging of the wide array of 7-Eleven products is identical or even substantially similar. To the contrary, Plaintiff effectively acknowledges, as she must, that the representations regarding "recyclability" vary from product to product. (*See, e.g.*, *id.* ¶¶ 21, 24, 30.)

### 3.    Plaintiff lacks standing to pursue injunctive relief.

Finally, Plaintiff lacks standing to pursue claims for injunctive relief because she has not pleaded a nonspeculative likelihood of future harm. Plaintiff alleges that she would not have purchased the products or would have paid substantially less for them had he known the truth. (Compl. ¶ 35.) Even so, Plaintiff's allegations clearly relate to *past* harm. And importantly, while the ICFA provides for injunctive relief "when appropriate," 815 ILCS § 505/10a(c), a party must still establish standing to seek injunctive relief. *See Ulrich v. Probalance, Inc.*, No. 16 C 10488, 2017 WL 3581183, at *7 (N.D. Ill. Aug 18, 2017) (holding that injunctive relief in a mislabeling claim lacked standing because alleged harm already occurred). "To establish standing to seek injunctive relief, a plaintiff must allege a threat of *future* harm that is not conjectural or

---

[2]*Pearson v. Target Corp.*, No. 11 CV 7972, 2012 WL 7761986 (N.D. Ill. Nov. 9, 2012) (holding that named plaintiffs lack standing to assert claims based on products they did not purchase); *Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2012 WL 2397012 (N.D. Ill. June 21, 2012) (same); *Lewis v. Casey*, 518 U.S. 343, 357 (1996); *see also Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) ("a person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action.") (citing *Allee v. Medrano*, 416 U.S. 802, 828-39 (1974)).

hypothetical." *Benson v. Fannie May Confections Brands, Inc.*, 2018 WL 1087639, at *5 (N.D. Ill. 2018) (emphasis added).

The Northern District of Illinois and Seventh Circuit are clear that a plaintiff aware of allegedly deceptive labeling cannot meet the standing requirements for injunctive relief absent some concrete basis they will continue to be deceived in the future. *Id.*; *see Freeman v. MAM USA Corp.*, 528 F. Supp. 3d 849, 856-58 (N.D. Ill. 2021) (dismissing plaintiff's request for injunctive relief where there was no likelihood of future injury and that "public-policy concerns, no matter how compelling, cannot trump the Article III standing requirement"); *see also Ulrich*, 2017 WL 3581183 at *7 (a plaintiff who is aware of the alleged deceptive practice faces no threat of being revictimized); *In re Herbal Supplements Mktg. & Sales Practices Litig.,* No. 15-CV-5070, 2017 WL 2215025, at *7 (N.D. Ill. May 19, 2017) (same); *see also Camasta*, 761 F.3d at 741 (holding, in dicta, that a consumer aware of a defendant's allegedly deceptive practices is unlikely to be harmed by them in the future). Thus, even if Plaintiff adequately pleaded a violation of the ICFA— which she has not—Plaintiff lacks standing to seek prospective injunctive relief.

## V.    CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's Class Action Complaint in its entirety.

Dated: December 10, 2021          Respectfully submitted,

*/s/ Daniel M. Blouin*

_____

Daniel M. Blouin
Tyler C. Richards
Frank A. Battaglia

WINSTON & STRAWN LLP
35 W. Wacker Drive

Chicago, IL 60601
312-558-5600
312-558-5700 (fax)
DBlouin@winston.com
FBattaglia@winston.com

*Counsel for Defendant 7-Eleven*

## <u>Certificate of Service</u>

The undersigned, an attorney, hereby certifies that on the 10th day of December, 2021, the foregoing Defendant 7-Eleven's Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Class Action Complaint was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois, and was served by operation of that Court's electronic filing system on all parties of record.


Dated: December 10, 2021                    */s/ Daniel M. Blouin*
                                             Daniel M. Blouin