**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DEVON CURTIS, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 21-cv-06079 |
| v. | ) ) | |
| | ) | Hon. Steven C. Seeger |
| 7-ELEVEN, INC., a Texas corporation, | ) ) ) | Hon. Magistrate Jeffrey I. Cummings |
| | ) | |
| *Defendant*. | ) | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.     Nature of the Case**

    A.     Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

*Counsel for Plaintiff*

Eugene Y. Turin (lead attorney)
Andrew T. Heldut
Jordan Frysinger
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com

*Counsel for Defendant*

Daniel M. Blouin
Tyler C. Richards
Frank A. Battaglia
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700 (fax)
DBlouin@winston.com
FBattaglia@winston.com

    B.    State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

This case was originally filed by Plaintiff in the Circuit Court of Cook County, Chancery Division, on October 1, 2021. (Dkt. 1, at 1.) Defendant subsequently removed this case to this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), alleging that this Court has jurisdiction over this action because: (1) at least one putative class member is a citizen of a different state than Defendant, which has its principal place of business in Irving, Texas and is a Texas corporation (Dkt. 1, at 4); (2) there are at least 100 members of the putative class that Plaintiff seeks to represent (*Id.*); and (3) the amount in controversy exceeds $5,000,000.00. (*Id.* at 5.)

    C.    Provide a short overview of the case in plain English (five sentences or less).

Plaintiff alleges that Defendant sold a number of single-serve plastic products under its "24/7 Life" store brand that it advertised as being "recyclable." (Dkt. 1-1 at ¶¶ 17, 21, 28, 29, 30.) However, the products were not in fact recyclable as they were made of plastics that municipal recycling facilities do not actually recycle and/or failed to contain the necessary Resin Identification Codes ("RIC") that would allow them to be sorted and recycled. (*Id.* at ¶¶ 18–23, 28-29, 32.) Defendant has filed a motion to dismiss in which it asserts that Plaintiff's complaint fails to state any viable claim.

    D.    Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Plaintiff alleges on behalf of a nationwide Class and Illinois subclass that Defendant's misrepresentations that its products were recyclable were in violation of the Illinois Consumer Fraud Act and other states consumer fraud statutes, constituted breach of express warranty, and unjustly enriched Defendant. (*Id.* at ¶¶ 41, 49–68.)

Defendant has not asserted any counterclaims or third-party claims at this time.

E.  What are the principal factual issues?

The principal factual issues are: whether Defendant's 24/7 Life products were "recyclable"; whether Defendant's advertising on its products' packaging that they are "recyclable" would be deceptive to a reasonable consumer; and the amount of damages Plaintiff and the other putative class members would be entitled to as a result of Defendant's conduct.

F.  What are the principal legal issues?

The principal legal issues are: whether Plaintiff can satisfy Rule 23's requirements for the Class and Subclass that she seeks to represent; whether Defendant's advertising and disclosures regarding its products being "recyclable" constitute an express warranty; and whether Defendant was unjustly enriched due to the allegedly misleading advertising.

G.  What relief is the plaintiff(s) seeking?  Quantify the damages, if any.
(A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case.  This estimate will not be admissible.).

Plaintiff is seeking certification of the proposed Class and Subclass, an award of actual or compensatory damages amounting to the price of the products purchased by the members of the Class and Subclass, and an award of reasonable attorney's fees and costs. Defendant has admitted in its removal papers that "the net sales of the products identified in the Complaint exceed $5,000,000.00 during the operative time period." (Dkt. 1, at 5.)

H.  Have all of the defendants been served, or waived service of process?  If not, identify the defendants that have not received service.

Defendant has been served.

## II. **Discovery**

A.  Propose a discovery schedule.  Include the following deadlines:  (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions.  ***Fill in the blanks, below.***

The Parties agree that in the interest of judicial efficiency discovery should be stayed pending ruling on Defendant's motion to dismiss. (Dkt. 13.) The Parties propose that within fourteen (14) days of the Court's ruling on Defendant's motion to dismiss, to the extent that Plaintiff is allowed to proceed with his claims, they will submit a joint status report with a proposed pre-trial schedule.

3

**III.** **Trial**

    A.    Have any of the parties demanded a jury trial?

Plaintiff has demanded a jury trial.

    B.    Estimate the length of trial.

The parties cannot estimate the anticipated length of trial at this time.

**IV.** **Settlement, Referrals, and Consent**

    A.    Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do not provide any particulars of any demands or offers that have been made.)

The Parties have not yet engaged in any settlement discussions. The Parties intend to engage in preliminary settlement discussions following any ruling by this Court on Defendant's pending motion to dismiss.

    B.    Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

The Parties do not request a settlement conference at this time but reserve the right to do so at a later date.

    C.    Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

The Parties have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge. The Parties do not consent unanimously to proceed before a Magistrate Judge.

**V.** **Other**

    A.    Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

Not at this time.

    B.    Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

Not at this time.

Dated: February 1, 2022

By: */s/Eugene Y. Turin*

Eugene Y. Turin
Andrew T. Heldut
Jordan Frysinger
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
aheldut@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*


By: */s/Daniel M. Blouin*

Daniel M. Blouin
Tyler C. Richards
Frank A. Battaglia
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
DBlouin@winston.com
FBattaglia@winston.com

*Attorneys for Defendant*

5

**Certificate of Service**

I hereby certify that on February 1, 2022, I electronically filed the foregoing *Initial Joint Status Report* with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

Dated:  February 1, 2022                            By: */s/ Eugene Y. Turin*
                                                                           Eugene Y. Turin