**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DEVON CURTIS, individually and on behalf of all other similarly situated individuals,<br><br>    Plaintiffs,<br><br>    v.<br><br>7-Eleven, Inc.,<br><br>    Defendant. | Case No. 1:21-cv-06079<br><br>Judge: Steven C. Seeger<br>Magistrate: Jeffrey I. Cummings |

**DEFENDANT 7-ELEVEN'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

ARGUMENT ......................................................................................................................... 2

I.       Plaintiff Has Not Properly Alleged an Actionable Misrepresentation ............................... 2

II.      Plaintiff Has Not Sufficiently Alleged the Requisite Element of Pecuniary Loss. ............ 3

III.     The Complaint Does Not Contain Sufficient Specificity Regarding the Products at Issue or the State Consumer Fraud Laws Under Which Plaintiff Seeks Relief. .................. 4

        a.      Plaintiff fails to identify the products at issue. ........................................................ 6

        b.      Plaintiff fails to identify the state consumer fraud laws under which she seeks relief. ................................................................................................................. 6

IV.     Plaintiff Lacks Article III Standing ................................................................................. 7

        a.      There is no injury in fact. ......................................................................................... 7

        b.      There is no risk of future harm. .............................................................................. 8

        c.      Plaintiff cannot pursue claims for products she did not purchase. ......................... 9

CONCLUSION .................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aliano v. Louisville Distilling Co., LLC*,
 115 F. Supp. 3d 921 (N.D. Ill. 2015) ........................................................................6

*Beardsall v. CVS Pharmacy, Inc.*,
 No. 16 C 6103, 2019 WL 1168103 (N.D. Ill. Mar. 13, 2019), *aff'd*, 953 F.3d
 969 (7th Cir. 2020) ....................................................................................................2

*Benson v. Fannie May Confections Brands, Inc.*,
 944 F.3d 639 (7th Cir. 2019) ..............................................................................6, 8, 10

*Bietsch v. Sergeant's Pet Care Products, Inc.*,
 2016 WL 1011512 (N.D. Ill. Mar. 15, 2016) ............................................................7

*Bober v. Glaxo Wellcome PLC*,
 246 F.3d 934 (7th Cir. 2001) ....................................................................................2

*Bonahoom v. Staples, Inc.*,
 2021 WL 1020986 (N.D. Ill. Mar. 17, 2021) ............................................................7

*Burton v. Hodgson Mill, Inc.*,
 2017 WL 1282882 (S.D. Ill. Apr. 6, 2017) ...............................................................7

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
 761 F.3d 732 (7th Cir. 2014) ....................................................................................3

*Carrol v. S.C. Johnsons & Son, Inc.*,
 2018 WL 1695421 (N.D. Ill. Mar. 29, 2018) ....................................................7, 8, 10

*Casillas v. Madison Ave. Assocs., Inc.*,
 926 F.3d 329 (7th Cir. 2019) ....................................................................................8

*City of Los Angeles v. Lyons*,
 461 U.S. 95 (1983) ....................................................................................................8

*Cowen v. Lenny & Larry's, Inc.*,
 2017 WL 4572201 (N.D. Ill. Oct. 12, 2017) ............................................................10

*Galanis v. Starbucks Corp.*,
 No. 16-4705, 2016 WL 6037962 (N.D. Ill. Oct. 14, 2016) .....................................3

*Giammanco v. Giammanco*,
 253 Ill. App. 3d 750, 625 N.E.2d 990 (2nd Dist. 1993) .........................................3

*In re Herbal Supplements Mktg. & Sales Practices Litig.*,
  2017 WL 2215025 (N.D. Ill. May 19, 2017) ........................................................................8

*Ibarrola v. Kind, LLC*,
  83 F. Supp. 3d 751 (N.D. Ill. 2015) ...................................................................................3

*Kim v. Carter's Inc.*,
  598 F.3d 362 (7th Cir. 2010) ............................................................................................4

*McDonnell v. Nature's Way Prods., LLC*,
  2017 WL 1149336 (N.D. Ill. Mar. 28, 2017) ................................................................9, 10

*Mednick v. Precor, Inc.*,
  2016 WL 5390955 (N.D. Ill. Sept. 27, 2016) .....................................................................9

*Muir v. Playtex Prods., LLC*,
  983 F. Supp. 2d 980 (N.D. Ill. 2013) .................................................................................8

*Mulligan v. QVC, Inc.*,
  382 Ill. App. 3d 620, 888 N.E.2d 1190 (2008) ...............................................................3, 4

*Patel v. Zillow, Inc.*,
  2018 WL 2096453 (N.D. Ill. May 7, 2018) .......................................................................8

*In re Rust-Oleum Restore Mktg., Sales Pracs. & Prod. Liab. Litig.*,
  155 F. Supp. 3d 772 (N.D. Ill. 2016) .................................................................................6

*Sandee's Catering v. Agri Stats, Inc.*,
  No. 20 C 2295, 2020 WL 6273477 (N.D. Ill. Oct. 26, 2020) ............................................7

*Scherr v. Marriott Int'l*,
  703 F.3d 1069 (7th Cir. 2013) ...........................................................................................8

*Spector v. Mondelez Int'l, Inc.*,
  178 F. Supp. 3d 657 (N.D. Ill. 2016) ...............................................................................11

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ...........................................................................................................8

*Trujillo v. Apple Computers, Inc.*,
  581 F. Supp. 2d 935 (N.D. Ill. 2008) .................................................................................2

*Ulrich v. Probalance, Inc.*,
  2017 WL 3581183 (N.D. Ill. Aug. 18, 2017) ...............................................................8, 10

*Wagner v. Gen. Nutrition Corp.*,
  2017 WL 3070772 (N.D. Ill. July 19, 2017) .......................................................6, 9, 10, 11

**Statutes**

Illinois Consumer Fraud Act ..................................................................................... 1, 4, 5

**Other Authorities**

16 C.F.R. pt. 260 ........................................................................................................... 1, 2

Fed. R. Civ. P. 8(a) ........................................................................................................ 5, 7

Fed. R. Civ. P. 9(b) ..................................................................................................... 5, 6, 7

U.S. Const. art. III ................................................................................................. 2, 7, 8, 10

**INTRODUCTION**

Facing a litany of reasons why her Complaint is deficient, Plaintiff attempts to divert the Court's attention and otherwise change the narrative. Her efforts to do so, however, fall flat. For example, although Plaintiff is quick to dismiss 7-Eleven's dictionary-approved definition of "recyclable" as "unreasonable" and "unilateral" (Op. Mem. at 10–11, 15), she provides no legal or even logical basis for her position. Similarly, Plaintiff fails to rebut the fact that the FTC Green Guides define "recyclable" as a product that can be recycled—not a product that will be recycled. 16 C.F.R. pt. 260, 1998 WL 190322, at *13. In short, given the well-established, unambiguous definition of the term "recyclable," no reasonable consumer would conclude that the products they purchased from 7-Eleven necessarily would be recycled. Thus, 7-Eleven has not defrauded consumers nor engaged in a deceptive act or practice.

Second, although she attempts to bob and weave around the issue, Plaintiff fails to provide any factual support for her contention that she paid a premium for the products she purchased. Instead, Plaintiff merely provides unsubstantiated, conclusory allegations regarding her purported damages. And Plaintiff's assertion that the purported misrepresentation induced her to purchase the products does not carry the day.

Third, the Complaint does not contain sufficient specificity regarding the products at issue, or the state consumer fraud laws under which Plaintiff seeks relief. Such deficiencies create numerous legal issues and otherwise inhibit 7-Eleven's ability to prepare its defense. Apparently recognizing the Complaint's deficiencies in this regard, Plaintiff completely changes tack, arguing in her Opposition Memorandum that she is only seeking relief under the Illinois Consumer Fraud Act, and only in connection with the four products she purchased. Op. Mem. at 2, 14. As highlighted below, the assertions in the Complaint clearly contradict Plaintiff's newly stated position.

Lastly, as discussed in 7-Eleven's opening memorandum, and amplified here, Plaintiff lacks Article III standing to pursue the asserted claims. For each of these reasons, the Complaint should be dismissed in its entirety.

**ARGUMENT**

**I.    Plaintiff Has Not Properly Alleged an Actionable Misrepresentation.**

In her Opposition Memorandum, Plaintiff characterizes 7-Eleven's dictionary-approved definition of "recyclable" as "unreasonable" and "unilateral." Op. Mem. at 10–11, 15. Notably, however, Plaintiff provides no legal or even logical basis for her position. Similarly, Plaintiff fails to effectively address the fact that the FTC Green Guides define "recyclable" as a product that can be recycled. 16 C.F.R. pt. 260, 1998 WL 190322, at *13. In short, Plaintiff has not, and cannot rebut the fact that the term "recyclable"—which is the term used on the products Plaintiff purchased from 7-Eleven—does not mean the product will be recycled. Instead, the term simply means "capable of being recycled." Given its well-established, unambiguous definition, no reasonable consumer would be misled by the term "recyclable." *See Beardsall v. CVS Pharmacy, Inc.*, No. 16 C 6103, 2019 WL 1168103, at *3–4 (N.D. Ill. Mar. 13, 2019), *aff'd*, 953 F.3d 969 (7th Cir. 2020) (the reasonable consumer standard requires more than a mere possibility that a label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner).

And, at the risk of piling on, Plaintiff conveniently turns a blind eye to the fact that if a consumer had some doubt as to whether a product would be recycled, they should have followed the recommendation on the product packaging and checked with their local municipality. (Compl. ¶ 24); *Trujillo v. Apple Computers, Inc.*, 581 F. Supp. 2d 935, 938 (N.D. Ill. 2008) ("[i]f other information disclosed or available to the consumer dispels any tendency to deceive, there is no deception."); *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001) ("examining the

statements at issue, together and in the context of the other information available to Zantac users, eliminates any possibility of deception.").

Likewise, there is no deception at issue in the present case. For this reason alone, Plaintiff's case cannot stand. *See Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015) (dismissing ICFA claim in which plaintiffs challenged statements that were not objectively misleading); *Galanis v. Starbucks Corp.*, No. 16-4705, 2016 WL 6037962, at *2 (N.D. Ill. Oct. 14, 2016) (same).

**II.     Plaintiff Has Not Sufficiently Alleged the Requisite Element of Pecuniary Loss.**

Plaintiff appropriately acknowledges her burden to establish pecuniary loss. Op. Mem. 12. In an apparent attempt to meet her burden in this regard, Plaintiff includes in her Complaint conclusory allegations that she paid a premium for 7-Eleven's products. (Compl. ¶¶ 35, 40). Noticeably absent, however, are any facts to support this conclusion.

Like the situation presented here, in *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014), the Seventh Circuit affirmed dismissal of an ICFA claim because the plaintiff "failed to provide any evidence that he paid more than the actual value of the merchandise he received." *Id*. Because the plaintiff "fail[ed] to assert that he did, in fact, shop around and find the same shirts for a lower price," his alleged harm was "'speculative and conclusory' and insufficient to prove actual damages." *Id*. at 739–40. This case is no different. Plaintiff fails to provide any factual support for her contention that she paid a premium for the products. She does not even allege how much she paid, let alone that she compared prices of "non-recyclable" products. Instead, Plaintiff merely provides unsubstantiated, conclusory allegations that are not enough to meet her burden. *See Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 627, 888 N.E.2d 1190, 1196–97 (2008) (discussing Illinois's use of the benefit-of-the-bargain rule to determine damages in cases involving alleged fraudulent misrepresentations); *see also Giammanco v. Giammanco*, 253

3

Ill. App. 3d 750, 758–59, 625 N.E.2d 990, 997 (2nd Dist. 1993) (stating that Illinois's benefit-of-the-bargain rule requires plaintiff to "allege facts which show the value of what they received was not equal to the value of what they were promised.").

Similarly, Plaintiff's assertion that the purported misrepresentation induced her to purchase the products does not carry the day. The Seventh Circuit has affirmatively rejected the "deception equals injury" theory. *See, e.g.*, *Kim v. Carter's Inc.*, 598 F.3d 362, 366 (7th Cir. 2010) ("Still, it is not enough that Carter's price comparisons deceived the plaintiffs and induced them to buy Carter's clothing. To sustain their private ICFA action, the plaintiffs must sufficiently allege actual damages.") (citation omitted); *Mulligan*, 382 Ill. App. 3d at 628 ("Even if QVC's alleged inflated retail values may have induced Mulligan into altering her purchasing decision…, she suffered no actual pecuniary loss. Thus, she cannot establish that the value of what she received was less than the value of what she was promised.") (citation omitted). In summary, Plaintiff's failure to allege sufficient facts regarding pecuniary loss is yet another reason why the Complaint cannot stand.

### III. The Complaint Does Not Contain Sufficient Specificity Regarding the Products at Issue or the State Consumer Fraud Laws Under Which Plaintiff Seeks Relief.

In its opening memorandum, 7-Eleven highlighted the many problems associated with Plaintiff's failure to provide sufficient details regarding the products at issue and her failure to identify the state consumer fraud laws purportedly in play in this case. (Dkt. 13 at 5–6.) Plaintiff does not take these issues head on. Instead, in her Opposition Memorandum, Plaintiff takes the position that she is only seeking relief under the Illinois Consumer Fraud Act, and only in connection with the four products she purchased. Op. Mem. 2, 14. The Complaint, however, clearly indicates otherwise.

Plaintiff's Complaint defines the "Class" as all persons in the United States who purchased an unidentified list of 7-Eleven products. (Compl. ¶ 41.) Likewise, in outlining purportedly

common questions for the Class, Plaintiff identifies several questions surrounding "certain [unidentified] 24/7 Life plastic products." (*Id.* ¶¶ 45(a)–(c).) These assertions clearly attempt to take this case well beyond the four products Plaintiff purchased from 7-Eleven.

And with respect to the state laws at issue, Plaintiff's contention that she "is not alleging claims under other states' laws" (Op. Mem. at 14) ignores allegations in the Complaint concerning other state laws. For example, Plaintiff labels Count I as a claim "For Violation of Consumer Protection ***Laws***." (Compl. at p. 13 (emphasis added).) Consistent with Plaintiff's labeling of Count I, Plaintiff references the Illinois Consumer Fraud Act, "as well as other materially identical consumer fraud statutes enacted by ***states throughout the country***…" (*Id.* ¶ 50 (emphasis added).) Similarly, Plaintiff alleges that she and members of the Class are consumers "as defined under the ICFA ***and other states' consumer protection laws.***" (*Id.* ¶ 51 (emphasis added).) And one of the purportedly common questions of Plaintiff and the Class is "whether Defendant's conduct violated the Illinois Consumer Fraud Act ***and other such similar statues***." (*Id.* ¶ 45(e) (emphasis added).)

Succinctly stated, notwithstanding Plaintiff's recent protestations, the current Complaint attempts to extend beyond the four products Plaintiff purchased, and also attempts to extend beyond the Illinois Consumer Fraud Act. Case law provides that attempts to do so must provide substantially more specificity than that contained in the current Complaint. Contrary to Plaintiff's suggestion, this Court should properly address the ambiguities in the Complaint at this juncture for numerous reasons, including 7-Eleven's right to know the scope and details related to the allegations leveled against it at the outset of the case. Such is required under Rule 8(a)'s liberal pleading standard, and it certainly is required under Rule 9(b)'s heightened pleading standard that applies here.

a. <u>Plaintiff fails to identify the products at issue.</u>

Rule 9(b) provides that a plaintiff must provide, with specificity, the "who, what, when, where, and how of the alleged fraud." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019). Thus, 7-Eleven is entitled to know the products being challenged in this litigation. And the cases Plaintiff cites in her Opposition do not undermine but, rather, support 7-Eleven's position in this regard. For example, in *Wagner v. Gen. Nutrition Corp.*, 2017 WL 3070772, at *1 (N.D. Ill. July 19, 2017), the plaintiff limited its asserted claims to four specifically identified Glutamine products and, unlike here, did not attempt to extend the case to other "similar" products. *See also In re Rust-Oleum Restore Mktg., Sales Pracs. & Prod. Liab. Litig.*, 155 F. Supp. 3d 772, 779 (N.D. Ill. 2016) (identifying the two specific paint products at issue and not seeking relief for unnamed products); *see also Aliano v. Louisville Distilling Co., LLC*, 115 F. Supp. 3d 921, 925 (N.D. Ill. 2015) (bringing claims relating to one specific whiskey and not seeking relief on unnamed products).

As addressed in 7-Eleven's opening brief, Plaintiff's failure to identify the specific products at issue is significant for multiple reasons, including the fact that the labelling (with relevant disclaimers) varies from product to product. (Dkt. 13 at 5.) Moreover, as Plaintiff acknowledges in her Complaint, whether a product is in fact recycled varies from product to product and facility to facility. (*See, e.g.*, Compl. ¶¶ 21–24, 28-30, 40.) Given these and other variables, it is essential that Plaintiff provide 7-Eleven a specific list of products at issue so that it can prepare a full and complete defense.

b. <u>Plaintiff fails to identify the state consumer fraud laws under which she seeks relief.</u>

In her Opposition Memorandum, Plaintiff contends that she is only pursuing a consumer fraud claim under Illinois law. If so, Plaintiff should not leave 7-Eleven and the Court guessing, but instead should be required to clearly state that position in an amended complaint. A defendant

is entitled to know the breadth of the allegations (and claims) asserted against it at this stage of the proceeding. 7-Eleven should not be forced to prepare its defense guessing what unidentified claims Plaintiff might ultimately present down the road. *Sandee's Catering v. Agri Stats, Inc.*, No. 20 C 2295, 2020 WL 6273477, at *12 (N.D. Ill. Oct. 26, 2020) (holding plaintiff did not meet Rule 8 pleading requirements where plaintiff failed to clearly state under which laws or which states plaintiff wished to bring its claims).

Contrary to Plaintiff's stated position, the fact that 7-Eleven is bringing this critical deficiency to the Court's attention at this point is not a veiled attempt to attack certification of a national class. Op. Mem. at 14.[1] There are myriad reasons why a national class (or any class) should not be certified in this case, but that is for another day. The issue currently before the Court is whether Plaintiff has satisfied the requisite pleading standards set forth in Rules 8(a) and 9(b). The answer to that question is a resounding "no."

## IV. Plaintiff Lacks Article III Standing.

a. There is no injury in fact.

As discussed above, Plaintiff presents, at best, conclusory allegations that she was injured. Not only are such allegations insufficient to establish the requisite element of injury under the ICFA, they also are insufficient to meet Article III's standing requirements. As the Supreme Court

---

[1] Once again, Plaintiff's cited authority undercuts her position, because in those cases, unlike here, the plaintiffs clearly identify each of the state consumer fraud laws in contention. *See Bietsch v. Sergeant's Pet Care Products, Inc.*, 2016 WL 1011512, at *11 (N.D. Ill. Mar. 15, 2016) (plaintiff's complaint specifically identified Illinois Consumer Fraud and Deceptive Business Practices Act, the Kentucky Consumer Protection Act, and nine other states' consumer fraud laws as those under which plaintiff was asserting claims); *Carrol v. S.C. Johnsons & Son, Inc.*, 2018 WL 1695421, at *1, *5 (N.D. Ill. Mar. 29, 2018) (plaintiffs' complaint specifically identified California Unfair Competition Law, California Consumers Legal Remedies Act, Illinois Consumer Fraud and Deceptive Business Practices, and Washington Unfair Business Practices Act as those under which plaintiffs were asserting claims); *Burton v. Hodgson Mill, Inc.*, 2017 WL 1282882, at *1, *7 (S.D. Ill. Apr. 6, 2017) (issue involved whether plaintiff could represent nationwide class under ICFA alone, not whether plaintiff had sufficiently identified various other states' consumer protection laws for purposes of Rule 8); *Bonahoom v. Staples, Inc.*, 2021 WL 1020986, at *2–3 (N.D. Ill. Mar. 17, 2021) (issue involved whether named plaintiff lacked standing to bring claims under the consumer protection laws of any state besides his own, not whether plaintiff had sufficiently identified various other states' consumer protection laws for purposes of Rule 8).

7

has made clear, to establish Article III standing, a plaintiff must allege an injury that is both "concrete and particularized." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334 (2016); *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019). To be "concrete," the injury "must be 'de facto'; that is, it must actually exist" and must be "'real,' and not 'abstract.'" *Spokeo*, 578 U.S. at 339–40 (citations omitted). Here, Plaintiff's allegations do not meet this standard. As discussed above, Plaintiff provides no evidence to support her contention that the 24/7 Life plastic products were "worth less than what [s]he paid because the product was not, in fact, [recyclable]." *Muir v. Playtex Prods., LLC*, 983 F. Supp. 2d 980, 986 (N.D. Ill. 2013). Accordingly, Plaintiff has not pled sufficient facts to establish Article III standing.

      b.     <u>There is no risk of future harm.</u>

Similarly, Plaintiff lacks standing to pursue her request for injunctive relief because she has only alleged past deception—she has not alleged sufficient facts to establish a real and immediate threat of future harm. *Scherr v. Marriott Int'l*, 703 F.3d 1069, 1074 (7th Cir. 2013) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)); *see also Benson*, 2018 WL 1087639, at *5 ("[m]ost courts to address similar circumstances have held that absent some concrete basis to conclude that the plaintiffs will or must purchase the product again in the future and be deceived, they cannot meet the standing requirements for injunctive relief claims.").

Plaintiff attempts to sidestep the relevant Article III inquiry regarding injunctive relief—whether Plaintiff is likely to be harmed in the future—by relying on *Muir* and *Carrol.* Op. Mem. at 10. Those cases, however, represent a minority view and diverge from Seventh Circuit precedent. Under the majority view, "a plaintiff who was already aware of the defendant's deceptive sales practices [can]not obtain injunctive relief because he 'is not likely to be harmed in the future.'" *Ulrich v. Probalance, Inc.*, 2017 WL 3581183, at *7 (N.D. Ill. Aug. 18, 2017); *see also Patel v. Zillow, Inc.*, 2018 WL 2096453, at *7 (N.D. Ill. May 7, 2018) (same); *In re Herbal*

*Supplements Mktg. & Sales Practices Litig.*, 2017 WL 2215025, at *7 (N.D. Ill. May 19, 2017) (same); *Mednick v. Precor, Inc.*, 2016 WL 5390955, at *9 (N.D. Ill. Sept. 27, 2016) ("[T]he named Plaintiffs 'cannot rely on the prospect that other consumers may be deceived' to boost their own standing."); *see also McDonnell v. Nature's Way Prods., LLC*, 2017 WL 1149336, at *2 (N.D. Ill. Mar. 28, 2017) ("[T]he issue is whether McDonnell has asserted a basis for future harm with respect to the alleged mislabeling of Women's Alive. McDonnell is aware of this alleged deception and so can avoid the problem in the future."). The same is true here. Because Plaintiff is aware of the alleged deception and can avoid the purported issue in the future, she cannot establish a real and immediate threat of future harm.

  c.  <u>Plaintiff cannot pursue claims for products she did not purchase.</u>

In its pending motion to dismiss, 7-Eleven cited case law holding that a plaintiff cannot pursue claims for products she did not purchase. (Dkt. 13 at 11–12.) In her Opposition, Plaintiff presents two responses. First, Plaintiff apparently is now taking the position that she has not "attempted to assert claims for products that she has not purchased." Op. Mem. at 2. As discussed, *supra*, pp. 5–6, numerous allegations in the Complaint clearly indicate otherwise.[2]

Plaintiff's second argument, which obviously conflicts with her first argument, is that she can pursue claims for other products because they are sufficiently similar to the products she purchased. Plaintiff's argument in this regard, however, fails for several reasons.

First, the case law cited in Plaintiff's Opposition Memorandum on this point is distinguishable. For example, Plaintiff cites *Wagner v. General Nutrition Corp.* for her proposition that a plaintiff "adequately alleged standing for claims based on all Products given that he has alleged the products are essentially materially the same." 2017 WL 3070772, at *6 (N.D. Ill. July

---
[2] If Plaintiff amends her Complaint and expressly limits the asserted claims to the four products she purchased, this issue becomes moot.

9

19, 2017) (citation omitted). The Court in *Wagner*, however, did not conduct an Article III analysis because the parties agreed that the plaintiff's claims should be analyzed under a "substantial similarity" test. *Id.* at *6 n.5. Notably, other courts in this District have expressly rejected the analysis in *Wagner* for that very reason. *See, e.g.*, *Cowen v. Lenny & Larry's, Inc.*, 2017 WL 4572201, at *3 (N.D. Ill. Oct. 12, 2017) (noting that *Wagner* did not engage in an Article III analysis and that it is the Seventh Circuit's position that plaintiffs cannot "piggy-back on the injuries of the unnamed class members" to acquire standing "through the back door of a class action").

Second, even if this Court were to apply a substantial similarity test, Plaintiff has not satisfied her burden of establishing that the unidentified list of products is substantially similar to the ones she purchased. *Ulrich*, 2017 WL 3581183, at *6. To the contrary, the limited facts provided in the Complaint[3] clearly indicate that the products are not substantially similar. For example, as Plaintiff correctly acknowledges in her Complaint: (1) the products themselves are different; (2) the products purportedly have different RIC ratings; (3) the products' characteristics purportedly create different recyclability challenges; and (4) relevant statements on the labels vary from product to product. (*See, e.g.*, Compl. ¶¶ 21–24, 28–30, 40.) These material differences would inherently render the facts at the heart of Plaintiff's claims—namely, the alleged misrepresentations and their surrounding context—substantially different from product to product, distinguishing this case from those cited by Plaintiff in which the differences among the products at issue were insignificant and unrelated to the alleged fraud. *See, e.g.*, *Carrol v. S.C. Johnsons & Son, Inc.*, 2018 WL 1695421, at *4 (N.D. Ill. Mar. 29, 2018) (the "only difference between the

---

[3] "Without additional details, [Plaintiff] cannot pursue claims concerning these unnamed [and unpurchased] products on [her] own behalf or on behalf of the putative class." *See McDonnell*, 2017 WL 1149336, at *4; *see also Benson*, 2018 WL 1087639, at *6.

products [wa]s how the sunscreen is dispensed from the container in different forms, either as a lotion or spray"); *Wagner*, 2017 WL 3070772, at *5 (nutritional supplements were different only in forms (chew or powder) and doses, and "nothing in the complaint or the parties' briefs suggests that these differences [we]re material"). For each reason addressed above, Plaintiff's consumer fraud claim cannot stand.

For the same reasons, her breach of warranty and unjust enrichment cases cannot stand. If the "affirmation of fact or promise alleged" for the breach of warranty is the same as the alleged misrepresentation for the ICFA claim—which is the case here—the "breach of warranty claim must be dismissed." *Spector v. Mondelez Int'l, Inc.*, 178 F. Supp. 3d 657, 674 (N.D. Ill. 2016).[4] Similarly, because "Plaintiff's unjust enrichment claim is predicated on the same allegations of deceptive advertising as Plaintiff's ICFA and breach of express warranty claims," then, "just as Plaintiff's ICFA and breach of express warranty claims fail, Plaintiff's unjust enrichment claim [must] fail[] as well." *Spector*, 178 F. Supp. 3d at 674 (citations omitted).

---

[4] In a misguided attempt to save her breach of warranty claim, Plaintiff ignores well-settled Seventh Circuit precedent and cites an unreported out-of-district case. Op. Mem. at 14–15.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint in its entirety.

Dated: February 7, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Daniel M. Blouin*
　　　　　　　　　　　　　　　　　　　　Daniel M. Blouin
　　　　　　　　　　　　　　　　　　　　Tyler C. Richards
　　　　　　　　　　　　　　　　　　　　Frank A. Battaglia
　　　　　　　　　　　　　　　　　　　　WINSTON & STRAWN LLP
　　　　　　　　　　　　　　　　　　　　35 W. Wacker Drive
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　　　312-558-5600
　　　　　　　　　　　　　　　　　　　　312-558-5700 (fax)
　　　　　　　　　　　　　　　　　　　　DBlouin@winston.com
　　　　　　　　　　　　　　　　　　　　FBattaglia@winston.com
　　　　　　　　　　　　　　　　　　　　TRichards@winston.com

## Certificate of Service

The undersigned, an attorney, hereby certifies that on the 7th day of February, 2022, the foregoing Defendant 7-Eleven's Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Class Action Complaint was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois, and was served by operation of that Court's electronic filing system on all parties of record.

Dated: February 7, 2022

*/s/ Daniel M. Blouin*
Daniel M. Blouin