**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DEVON CURTIS, individually and on behalf of all other similarly situated individuals, | |
| Plaintiffs, | Case No. 1:21-cv-06079 |
| v. | Judge: Steven C. Seeger |
| 7-Eleven, Inc., | Magistrate: Jeffrey I. Cummings |
| Defendant. | |

**DEFENDANT 7-ELEVEN'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT AND JURY**
**DEMAND**

Defendant 7-Eleven, Inc. ("Defendant") hereby answers the Plaintiff Devon Curtis's ("Plaintiff") First Amended Class Action Complaint and Jury Demand ("Complaint") as follows:

**NATURE OF THE ACTION**

1.      Defendant 7-Eleven operates one of the largest chains of convenience stores in the country with a total of 9,522 U.S. locations throughout the United States.  With such size, comes a drastic ecological footprint given the disposable and one-time use nature of many of the products that it sells.

**ANSWER:**  Defendant admits that it is in the business of retail-convenience stores and that there are 7-Eleven stores throughout the United States.  Defendant denies the remaining allegations in Paragraph 1.

2.      Well aware of consumers' "green consciousness" and their desire to purchase products that are environmentally friendly, Defendant has placed various labels and disclosures on its 7-Eleven store brand plastic products identifying them as recyclable.

1

**ANSWER:** Defendant admits that certain 7-Eleven brand products are identified as "recyclable." Defendant denies the remaining allegations in Paragraph 2.

3. Specifically, Defendant's store brand "24/7 Life" plastic Foam Cups, Foam Plates, Party Cups and Freezer Bags, feature deceptive labeling that they are recyclable.

**ANSWER:** To the extent the allegations in Paragraph 3 relate to portions of the Complaint that have been dismissed, no response is required. To the extent a response is required, Defendant admits that certain 7-Eleven 24/7 Life products are identified as "recyclable." Defendant denies the remaining allegations in Paragraph 3.

4. While Defendant has labeled its 24/7 Life plastic products as recyclable, the truth is that Defendant's 24/7 Life plastic products are not recyclable because they are made out of plastics that are not recyclable in any municipal recycling facilities that consumers have access to. Thus, while consumers are led to believe that they are purchasing products that they can recycle, and believe that these products actually do get recycled when they put them in their recycling bins, consumers are in fact misled because the products are ultimately not recycled and end up in the landfill.

**ANSWER:** To the extent the allegations in Paragraph 4 relate to portions of the Complaint that have been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

5. While 7-Eleven is aware that its 24/7 Life plastic products do not actually get recycled, it nonetheless continues to advertise and sell them with the deceptive disclosures knowing that consumers would never find out what happens to the products after they place them in recycling bins.

**ANSWER:** To the extent the allegations in Paragraph 5 relate to portions of the Complaint that have been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6. Had consumers, such as Plaintiff, who purchased 7-Eleven's 24/7 Life plastic products known that they are not actually recyclable, they would not have purchased them, or would have paid less for them than they did.

**ANSWER:** To the extent the allegations in Paragraph 6 relate to portions of the Complaint that have been dismissed, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6.

7. Plaintiff brings this action for Defendant's violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. ("ICFA"), as well as other similarly identical states' consumer protection laws, along with common law transgressions, on her own behalf and on behalf of other purchasers of 7-Eleven's 24/7 Life plastic products that Defendant falsely marketed as recyclable.

**ANSWER:** To the extent the allegations in Paragraph 7 relate to portions of the Complaint that have been dismissed, no response is required. To the extent a response is required, Defendant admits that Plaintiff has brought this action but denies that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations in Paragraph 7.

## PARTIES

8. Plaintiff Devon Curtis is a natural person and at all relevant times has been a resident of Cook County, Illinois.

**ANSWER:**  Defendant lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in Paragraph 8 and, therefore, denies the allegations in Paragraph 8.

9.     Defendant 7-Eleven Inc. is a Texas corporation that conducts, and is licensed by the Illinois Secretary of State to conduct, business throughout Illinois, including in Cook County, Illinois, and elsewhere throughout the country.

**ANSWER:**  Admitted.

## JURISDICTION AND VENUE

10.     This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) and (d), because: (i) at least one member of the putative class is a citizen of a state different from any Defendant; (ii) the amount in controversy as to all putative class members exceeds $5,000,000; and (iii) none of the exceptions under that subsection applies to the instant action.

**ANSWER:**  No response is required to the legal conclusions in Paragraph 10.  To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) because a substantial part of the events and/or omissions giving rise to the claim occurred in this District.as Plaintiff was knowing sold products falsely advertised as "recyclable" by Defendant in this District.

**ANSWER:**  No response is required to the legal conclusions in Paragraph 11.  To the extent a response is required, Defendant does not challenge that the current venue is proper.

## COMMON FACTUAL ALLEGATIONS

12.     Defendant 7-Eleven operates one of the largest multinational chains of convenience stores.

**ANSWER:** Defendant admits that it is in the business of retail-convenience stores and that there are 7-Eleven stores throughout the world. Defendant denies the remaining allegations in Paragraph 12.

13. Many of the products sold by Defendant are disposable products that are packaged in or otherwise use single-use plastics.

**ANSWER:** Defendant admits that there are 7-Eleven stores that sell disposable products that are packaged in or otherwise use single-use plastics. Defendant denies the remaining allegations in Paragraph 13.

14. Single use plastics are not recyclable or compostable and, as their name implies, can only be used once and are then thrown out to be sent to trash disposal facilities such as incinerators or landfills.

**ANSWER:** Defendant admits that single-use plastics are, as their name suggests, intended for single use. Defendant denies the remaining allegations in Paragraph 14.

15. Given the amount of products sold by Defendant on a daily basis that utilize single-use plastics, Defendant has a very large ecological footprint. In fact, Defendant is a material contributor to the world's plastic production and plastic pollution.

**ANSWER:** Defendant denies the allegations in Paragraph 15.

16. As a result of growing media and public attention to the growing issue of plastic pollution and single use plastics, many consumers try to purchase products that are environmentally friendly, including plastic products that are recyclable, so that they can help prevent further waste pollution and to minimize their environmental footprint.

**ANSWER:** Defendant lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in Paragraph 16 and, therefore, denies the allegations in Paragraph 16.

17. Defendant sells a variety of products that it produces, manufactures, and designs itself under its own "24/7 Life" store brand, including a number of plastic products.

**ANSWER:** Defendant admits that there are 7-Eleven stores that sell 24/7 Life products. Defendant denies the remaining allegations in Paragraph 17.

18. Knowing that there is a growing demand for environmentally friendly products, and recognizing that it is a major contributor to global plastics pollution, Defendant labels its 24/7 Life plastic products with various claims regarding their recyclability.

**ANSWER:** To the extent the allegations in Paragraph 18 purport to describe the labeling of a specific product, that labeling speaks for itself and Defendant refers to that labeling for a description of its contents. Defendant denies the allegations in Paragraph 18 that purport to describe the labeling of a specific product to the extent they are inconsistent with that labeling. Defendant denies the remaining allegations in Paragraph 18.

19. For plastic waste to be recycled it must be taken to a municipal recycling facility to collect and separate the plastic waste based on the type of plastic resin it consists of. This is why plastic manufacturers mark their products with a Resin Identification Code ("RIC").

**ANSWER:** Defendant admits that certain plastic manufacturers mark their products with a Resin Identification Code. Defendant denies the remaining allegations in Paragraph 19.

20. When sorting plastic waste, recycling facilities sort the plastics into 7 categories based on the RICs marked on the waste. RICs 1 through 6 are specific plastic resins, and RIC 7 is a catch all for all remaining plastic resins.

**ANSWER:** Defendant admits that RICs 1 through 6 are specific plastics resins and that RIC 7 is a catchall for all remaining plastic resins. Defendant lacks knowledge and information sufficient to form a basis as to the truth or falsity of the remaining allegations in Paragraph 20 and, therefore, denies the remaining allegations in Paragraph 20.

21. For example, and as seen below, Defendant labels its 24/7 Life Foam Plates as "RECYCLABLE" directly on the front of the product packaging.

**ANSWER:** To the extent the allegations in Paragraph 21 purport to describe the packaging of a specific product, that packaging speaks for itself and Defendant refers to that packaging for a description of its contents. Defendant denies the allegations in Paragraph 21 that purport to describe the packaging of a specific product to the extent they are inconsistent with that packaging.

22. However, as shown below, the foam plates themselves do not feature any RIC number on the front or the back and thus cannot be separated in the recycling process and actually be recycled.

**ANSWER:** To the extent the allegations in Paragraph 22 purport to describe the packaging of a specific product, that packaging speaks for itself and Defendant refers to that packaging for a description of its contents. Defendant denies the allegations in Paragraph 22 that purport to describe the packaging of a specific product to the extent they are inconsistent with that packaging. Defendant denies the remaining allegations in Paragraph 22.

23. Furthermore, even if the plates were properly labeled as RIC No. 6 – for styrofoam plastic – as with the vast majority of recycling facilities around the United States, there are no recycling facilities in the Chicago region that recycle RIC No. 6 plastics.

**ANSWER:** To the extent the allegations in Paragraph 23 relate to portions of the Complaint that have been dismissed, no response is required. To the extent a response is required,

7

Defendant lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in Paragraph 23 and, therefore, denies the allegations in Paragraph 23.

24.     While Defendant attempts to qualify its recycling claim by stating "check your local municipality for recycling guidelines" on the product packaging, Defendant's disclosure is also in itself misleading and deceptive as it does not adequately disclose the limited availability of recycling programs that accept and recycle RIC No. 6 Styrofoam plastic.

**ANSWER:**   To the extent the allegations in Paragraph 24 relate to portions of the Complaint that have been dismissed, no response is required.  To the extent the allegations in Paragraph 24 purport to describe the packaging of a specific product, that packaging speaks for itself and Defendant refers to that packaging for a description of its contents.  Defendant denies the allegations in Paragraph 24 that purport to describe the packaging of a specific product to the extent they are inconsistent with that packaging.  No response is required to the legal conclusions in Paragraph 24.  To the extent a response is required, Defendant denies those allegations. Defendant denies the remaining allegations in Paragraph 24.

25.     This practice of labeling products as "recyclable" even though they will never actually be recycled once they are delivered to the local recycling facility and will be sorted to be sent to landfill is called "greenwashing."

**ANSWER:**   To the extent the allegations in Paragraph 25 relate to portions of the Complaint that have been dismissed, no response is required.  To the extent a response is required, Defendant admits that the current Merriam-Webster definition of "greenwashing" is the "act or practice of making a product, policy, activity, etc. appear to be more environmentally friendly or less environmentally damaging than it really is."  Defendant denies the remaining allegations in Paragraph 25.

8

26.     With a growing number of companies making deceptive recycling claims about their products, the Federal Trade Commission issued its "Green Guides" regarding "Environmental Marketing Claims" and has stated that it "is deceptive to misrepresent, directly or by implication, that a product or package is recyclable.  A product or package shall not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item." 16 C.F.R. § 260.12(a).  "While a product may be technically recyclable, if a program is not available allowing consumers to recycle the product, there is no real value to consumers." *See* 63 Fed. Reg. 84:24240, at 24243 (May 1, 1998).

**ANSWER:**     To the extent the allegations in Paragraph 26 relate to portions of the Complaint that have been dismissed, no response is required.  To the extent the allegations in Paragraph 26 purport to describe the specific contents of the Code of Federal Regulations and the Federal Registrar, Defendant refers to the Code of Federal Regulations and the Federal Register for a complete statement of their contents.  Defendant denies the allegations in Paragraph 26 to the extent they are inconsistent with the Code of Federal Regulations or the Federal Register. Defendant denies the remaining allegations in Paragraph 26.

27.     Defendant engages in this very deceptive practice with a number of its 24/7 Life plastic products.

**ANSWER:**     To the extent the allegations in Paragraph 27 relate to portions of the Complaint that have been dismissed, no response is required.  No response is required to the legal conclusions in Paragraph 27.  To the extent a response is required, Defendant denies the allegations in Paragraph 27.

28.     For example, Defendant's 24/7 Life branded Foam Cups are deceptively labeled as "recyclable" even though they are made of RIC No. 6 styrofoam plastic that is not actually recycled by any municipal recycling facilities.

**ANSWER:**  To the extent the allegations in Paragraph 28 relate to portions of the Complaint that have been dismissed, no response is required.  To the extent the allegations in Paragraph 28 purport to describe the packaging of a specific product, that packaging speaks for itself and Defendant refers to that packaging for a description of its contents.  Defendant denies the allegations in Paragraph 28 that purport to describe the packaging of a specific product to the extent they are inconsistent with that packaging.  No response is required to the legal conclusions in Paragraph 28.  To the extent a response is required, Defendant denies those allegations. Defendant denies the remaining allegations in Paragraph 28.

29.     Defendant's 24/7 Life Party Cups also feature the same bold "RECYCLABLE" claim even though they are made from RIC No. 5 plastic.  As Defendant is, or should be aware, there is currently no market for RIC No. 5 plastics and less than 5% of all RIC No. 5 plastic collected nationwide is actually recycled.  As such, even if collected, Defendant's 24/7 Life Party Cups will either be stockpiled, incinerated, or sent to a landfill.

**ANSWER:**  To the extent the allegations in Paragraph 29 relate to portions of the Complaint that have been dismissed, no response is required.  To the extent the allegations in Paragraph 29 purport to describe the packaging of a specific product, that packaging speaks for itself and Defendant refers to that packaging for a description of its contents.  Defendant denies the allegations in Paragraph 29 that purport to describe the packaging of a specific product to the extent they are inconsistent with that packaging.  Defendant denies the remaining allegations in Paragraph 29.

30.     As shown below, Defendant also deceptively advertised and labeled its 24/7 Life Freezer Bags as "made with recyclable polyethylene*".

**ANSWER:**  To the extent the allegations in Paragraph 30 purport to describe the packaging of a specific product, that packaging speaks for itself and Defendant refers to that packaging for a description of its contents.  Defendant denies the allegations in Paragraph 30 that purport to describe the packaging of a specific product to the extent they are inconsistent with that packaging.  No response is required to the legal conclusions in Paragraph 30.  To the extent a response is required, Defendant denies those allegations.  Defendant denies the remaining allegations in Paragraph 30.

31.     However, there are three separate and very different types of polyethylene plastics that represent three different RICs.

**ANSWER:**  Defendant admits that there are different types of polyethylene plastics that correspond with different RIC numbers.  Defendant denies the remaining allegations in Paragraph 31.

32.     Defendant's Freezer Bags are unmarked without any RIC number.  Thus, there is no way for the Freezer Bags to be separated during the sorting process and they cannot be recycled.

**ANSWER:**  To the extent the allegations in Paragraph 32 purport to describe the packaging of a specific product, that packaging speaks for itself and Defendant refers to that packaging for a description of its contents.  Defendant denies the allegations in Paragraph 32 that purport to describe the packaging of a specific product to the extent they are inconsistent with that packaging.  Defendant denies the remaining allegations in Paragraph 32.

33.     As shown above, while Defendant labels and advertises its 24/7 Life plastic products as "recyclable," these products are not actually recyclable.

**ANSWER:** To the extent the allegations in Paragraph 33 relate to portions of the Complaint that have been dismissed, no response is required. To the extent the allegations in Paragraph 33 purport to describe the packaging of a specific product, that packaging speaks for itself and Defendant refers to that packaging for a description of its contents. Defendant denies the allegations in Paragraph 33 that purport to describe the packaging of a specific product to the extent they are inconsistent with that packaging. Defendant denies the remaining allegations in Paragraph 33.

34. Importantly, Defendant goes beyond just placing a small recycling symbol on the back of its packaging. Rather, Defendant intends for consumers to rely on its recyclable claims by placing it in bold font on the front of the packaging for consumers to review and consider.

**ANSWER:** To the extent the allegations in Paragraph 34 purport to describe the packaging of a specific product, that packaging speaks for itself and Defendant refers to that packaging for a description of its contents. Defendant denies the allegations in Paragraph 34 that purport to describe the packaging of a specific product to the extent they are inconsistent with that packaging. No response is required to the legal conclusions in Paragraph 34. To the extent a response is required, Defendant denies those allegations. Defendant denies the remaining allegations in Paragraph 34.

35. Indeed, Defendant's deceptive recycling claims caused injury to reasonable consumers like Plaintiff and Class members who did rely on Defendant's claim that its 24/7 Life plastic products were recyclable and would not have purchased Defendant's products, or would have paid less for them, had they known that these claims were false.

**ANSWER:** To the extent the allegations in Paragraph 35 relate to portions of the Complaint that have been dismissed, no response is required. No response is required to the legal

conclusions in Paragraph 35. To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36.     Accordingly, Plaintiff brings this action on her own behalf and on behalf of proposed Class and Subclass of similarly situated individuals in order to obtain redress for those who were deceived by Defendant's conduct.

**ANSWER:**   To the extent the allegations in Paragraph 36 relate to portions of the Complaint that have been dismissed, no response is required. To the extent a response is require, Defendant admits that Plaintiff has brought this action but denies that Plaintiff or her proposed Class or Subclass is entitled to any relief whatsoever or that class certification is appropriate in this case. No response is required to the legal conclusions in Paragraph 36. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

## FACTS SPECIFIC TO PLAINTIFF

37.     In the summer of 2021, Plaintiff purchased a number of Defendant's 24/7 Life brand products, including Defendant's Foam Plates, Foam Cups, Party Cups, and Freezer Bags, at one of Defendant's 7-Eleven stores located in Chicago, Illinois.

**ANSWER:**   To the extent the allegations in Paragraph 37 relate to portions of the Complaint that have been dismissed, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in Paragraph 37 and, therefore, denies the allegations in Paragraph 37.

38.     When purchasing these products, Plaintiff saw Defendant's labeling and advertising that they were "recyclable" and reasonably understood that the products would actually be recycled if she placed them for recycling with her municipal recycling service.

**ANSWER:** To the extent the allegations in Paragraph 38 relate to portions of the Complaint that have been dismissed, no response is required. No response is required to the legal conclusions in Paragraph 38. To the extent a response is required, Defendant denies those allegations. Defendant lacks knowledge and information sufficient to form a basis as to the truth or falsity of the remaining allegations in Paragraph 38 and, therefore, denies the remaining allegations in Paragraph 38.

39. While Plaintiff placed the products for recycling with her municipal recycling service after using them, for the reasons stated above, none of the products were actually recycled.

**ANSWER:** To the extent the allegations in Paragraph 39 relate to portions of the Complaint that have been dismissed, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a basis as to the truth or falsity of the allegations in Paragraph 39 and, therefore, denies the allegations in Paragraph 39.

40. Plaintiff would not have purchased these products from Defendant, or would have paid less for them, had she known Defendant's representations that they were recyclable were false and that after placing these products for recycling they would actually end up being disposed as regular waste products.

**ANSWER:** To the extent the allegations in Paragraph 40 relate to portions of the Complaint that have been dismissed, no response is required. No response is required to the legal conclusions in Paragraph 40. To the extent a response is required, Defendant denies those allegations. Defendant lacks knowledge and information sufficient to form a basis as to the truth or falsity of the remaining allegations in Paragraph 40 and, therefore, denies the remaining allegations in Paragraph 40.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action on behalf of herself and a nationwide class (the "Class"), with one subclass (the "Subclass") defined as follows:

> The Class: All persons in the United States who, within the applicable statute of limitations, purchased any of Defendant's 24/7 Life plastic products that were labeled as recyclable and did not feature an RIC number on the product itself.

> The Subclass: All persons who, within the applicable statute of limitations, purchased any of Defendant's 24/7 Life plastic products from one of Defendant's 7-Eleven retail store locations in Illinois that were labeled as recyclable and did not feature an RIC number on the product itself.

**ANSWER:**  To the extent the allegations in Paragraph 41 relate to portions of the Complaint that have been dismissed, no response is required.  Defendant admits that Plaintiff has brought this action but denies that Plaintiff is entitled to any relief whatsoever.  Defendant admits that Plaintiff has defined Class and Subclass as such but denies that Plaintiff's defined Class or defined subclass are entitled to any relief whatsoever or that class certification is appropriate in this case.  Defendant denies any remaining allegations in Paragraph 41.

42.     Excluded from the Class and Subclass are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

**ANSWER:**  Defendant admits that Plaintiff has defined the above-referenced Class and Subclass as such but denies that Plaintiff's defined Class and Subclass are entitled to any relief whatsoever or that class certification is appropriate in this case.  Defendant denies the remaining allegations in Paragraph 42.

43.     Upon information and belief, there are thousands of members of the Class and Subclass, making the members of the Class and Subclass so numerous that joinder of all members

is impracticable.  Although the exact number of members of the Class and Subclass is currently unknown to Plaintiff, the members can be easily identified through Defendant's purchase records.

**ANSWER:**  No response is required to the legal conclusions in Paragraph 43.  To the extent a response is required, Defendant denies those allegations.  Defendant denies the remaining allegations in Paragraph 43.

44.     Plaintiff's claims are typical of the claims of the members of the Class and Subclass Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members of the Class and Subclass are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class and Subclass.  As alleged, Plaintiff and the other members of the Class have all suffered harm and monetary damages as a result of Defendant's deceptive and misleading conduct.

**ANSWER:**  No response is required to the legal conclusions in Paragraph 44.  To the extent a response is required, Defendant denies the allegations in Paragraph 44.

45.     There are many questions of law and fact common to the claims of Plaintiff and the Class and Subclass, and those questions predominate over any questions that may affect individual members.  Common questions for the Class and Subclass include, but are not limited to, the following:

    a.  Whether Defendant advertised that certain 24/7 Life plastic products were recyclable;

    b.  Whether the products advertised by Defendant as "recyclable" were in fact recyclable;

    c.  Whether Defendant's advertising of certain 24/7 Life products was false or misleading;

d.   Whether Defendant's conduct violates public policy;

e.   Whether Defendant's conduct violated the Illinois Consumer Fraud Act and other such similar statutes;

f.   Whether as a result of Defendant's misrepresentations of material facts related to its 24/7 Life products, Plaintiff and the other members of the Class and Subclass have suffered ascertainable monetary losses;

g.   Whether Plaintiff and the other members of the Class and Subclass are entitled to monetary and/or restitution and/or injunctive relief or other remedies, and, if so, the nature of such remedies.

**ANSWER:**  No response is required to the legal conclusions in Paragraph 45.  To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46.    Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

**ANSWER:**  No response is required to the legal conclusions in Paragraph 46.  To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47.    Plaintiff will adequately represent and protect the interests of the members of the Class and Subclass.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass and have the

financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class and Subclass.

**ANSWER:** No response is required to the legal conclusions in Paragraph 47. To the extent a response is required, Defendant denies those allegations. Defendant lacks knowledge and information sufficient to form a basis as to the truth or falsity of the remaining allegations in Paragraph 47 and, therefore, denies the remaining allegations in Paragraph 47.

48. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

**ANSWER:** No response is required to the legal conclusions in Paragraph 48. To the extent a response is required, Defendant denies the allegations in Paragraph 48.

## COUNT I
### For Violations of Consumer Protection Laws
### (on behalf of the Class and Subclass)

49. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

**ANSWER:** Defendant incorporates by reference its responses to each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

50. The ICFA, as well as other materially identical consumer fraud statutes enacted by states throughout the country, prohibit deceptive acts and practices in the sale and marketing of products such as Defendant's 24/7 Life plastic products.

**ANSWER:** No response is required to the legal conclusions in Paragraph 50. To the extent a response is required, Defendant denies those allegations. To the extent that Paragraph 50 purports to describe specific provisions of the ICFA and certain other states' consumer fraud statutes, Defendant refers to the ICFA and those other states' consumer fraud statutes for a complete statement of their provisions. Defendant denies the allegations in Paragraph 50 to the extent they are inconsistent with the ICFA or those other states' consumer fraud statutes. Defendant denies the remaining allegations in Paragraph 50.

51. Plaintiff and the other members of the Class and Subclass are "consumers" or "persons," as defined under the ICFA and other states' consumer protection laws.

**ANSWER:** No response is required to the legal conclusions in Paragraph 51. To the extent a response is required, Defendant denies those allegations. To the extent that Paragraph 51 purports to describe specific provisions of the ICFA and certain other states' consumer protection statutes, Defendant refers to the ICFA and those other states' consumer protection statutes for a complete statement of their provisions. Defendant denies the allegations in Paragraph 51 to the extent they are inconsistent with the ICFA or those other states' consumer fraud statutes. Defendant denies the remaining allegations in Paragraph 51.

52. Defendant's conduct as alleged herein occurred in the course of trade or commerce.

**ANSWER:** No response is required to the legal conclusions in Paragraph 52. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53. Defendant's actions in affirmatively representing and advertising that its 24/7 Life plastic products are recyclable, when in fact in practice they are not, offends public policy, has caused and continues to cause substantial injury to consumers, and constitutes a deceptive trade practice.

**ANSWER:** To the extent the allegations in Paragraph 53 relate to portions of the Complaint that have been dismissed, no response is required. No response is required to the legal conclusions in Paragraph 53. To the extent a response is required, Defendant denies the allegations in Paragraph 53.

54. Further, Defendant's conduct in false labeling its 24/7 Life plastic products as recyclable violates the Federal Trade Commission Green Guide regulations, which state that:

> It is deceptive to misrepresent, directly or by implication, that a product or package is recyclable. A product or package should not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item.

> 16 C.F.R. § 260.12(a).

> Marketers should clearly and prominently qualify recyclable claims to the extent necessary to avoid deception about the availability of recycling programs and collection sites to consumers. (1) When recycling facilities are available to a substantial majority of consumers or communities where the item is sold, marketers can make unqualified recyclable claims. The term "substantial majority," as used in this context, means at least 60 percent. (2) When recycling facilities are available to less than a substantial majority of consumers or communities where the item is sold, marketers should qualify all recyclable claims. Marketers may always qualify recyclable claims by stating the percentage of consumers or communities that have access to facilities that recycle the item. Alternatively, marketers may use qualifications that vary in strength depending on facility availability. The lower the level of access to an appropriate facility is, the more strongly the marketer should emphasize the limited availability of recycling for the product. For example, if recycling facilities are available to slightly less than a substantial majority of consumers or communities where the item is sold, a marketer may qualify a recyclable claim by stating: "This product [package] may not be recyclable in your area," or "Recycling facilities for this product [package] may not exist in your area." If recycling facilities are available only to a few consumers, marketers should use stronger clarifications. For example, a marketer in this situation may qualify its recyclable claim by stating: "This product [package] is recyclable only in the few communities that have appropriate recycling facilities."

> 16 C.F.R. § 260.12(b)(1)&(2).

**ANSWER:** To the extent the allegations in Paragraph 54 relate to portions of the Complaint that have been dismissed, no response is required. No response is required to the legal conclusions in Paragraph 54. To the extent a response is required, Defendant denies those allegations. To the extent that Paragraph 54 purports to describe specific provisions of the Code of Federal Regulations, Defendant refers to the Code of Federal Regulations for a complete statement of their provisions. Defendant denies the allegations in Paragraph 54 to the extent they are inconsistent with the Code of Federal Regulations. Defendant denies the remaining allegations in Paragraph 54.

55. Conduct that is deceptive under the FTC's regulations is also per se deceptive under the ICFA and other consumer fraud statutes enacted by states throughout the country. See 815 ILCS 505/2.

**ANSWER:** No response is required to the legal conclusions in Paragraph 55. To the extent a response is required, Defendant denies those allegations. To the extent that Paragraph 55 purports to describe specific provisions of the ICFA and certain other states' consumer fraud statutes, Defendant refers to the ICFA and those other states' consumer fraud statutes for a complete statement of their provisions. Defendant denies the allegations in Paragraph 55 to the extent they are inconsistent with the ICFA or those other states' consumer fraud statutes. Defendant denies the remaining allegations in Paragraph 55.

56. Defendant's 24/7 Life plastic products were labeled as recyclable even though they could not be "collected, separated, or otherwise recovered from the waste stream through an established recycling program." Nor did Defendant appropriately disclose the availability of recycling programs that would accept the products. As such, Defendant's advertising and labeling

of its 24/7 Life plastic products violated the FTC's Green Guides and as such were in violation of the ICFA and similar such consumer fraud statutes.

**ANSWER:**  To the extent the allegations in Paragraph 56 relate to portions of the Complaint that have been dismissed, no response is required.  No response is required to the legal conclusions in Paragraph 56.  To the extent a response is required, Defendant denies those allegations.  To the extent that Paragraph 56 purports to describe specific provisions of the FTC's Green Guides, the ICFA, and certain other states' consumer fraud statutes, Defendant refers to the FTC's Green Guides, the ICFA, and those other states' consumer fraud statutes for a complete statement of their provisions.  Defendant denies the allegations in Paragraph 56 to the extent they are inconsistent with the FTC's Green Guides, the ICFA, or those other states' consumer fraud statutes.  Defendant denies the remaining allegations in Paragraph 56.

57.     Plaintiff and the other members of the Class and Subclass reasonably relied on Defendant's misrepresentations regarding the recyclability of its 24/7 Life plastic products in choosing to purchase Defendant's products, and would not have purchased the products that they bought, or would have paid materially less for them, had Defendant not made the false and deceptive representations regarding their recyclability.

**ANSWER:**  To the extent the allegations in Paragraph 57 relate to portions of the Complaint that have been dismissed, no response is required.  No response is required to the legal conclusions in Paragraph 57.  To the extent a response is required, Defendant denies the allegations in Paragraph 57.

58.     As a direct and proximate result of Defendant's false and deceptive advertising and labeling of its 24/7 Life plastic products, Plaintiff Curtis and the other members of the Class and Subclass have suffered actual damages.  These damages are concrete and ascertainable and were

proximately caused by Defendant's violations of the ICFA and other such materially identical consumer fraud statutes.

**ANSWER:**  To the extent the allegations in Paragraph 58 relate to portions of the Complaint that have been dismissed, no response is required.  No response is required to the legal conclusions in Paragraph 58.  To the extent a response is required, Defendant denies the allegations in Paragraph 58.

59.  Defendant's conduct is in violation of the ICFA and other states' consumer protection laws, and pursuant to 815 ILCS 505/10a and other such states' consumer protection laws, Plaintiff and the other members of the Class and Subclass are entitled to damages in an amount to be proven at trial, reasonable attorney's fees, and any other penalties or awards that may be appropriate under applicable law.

**ANSWER:**  To the extent the allegations in Paragraph 59 relate to portions of the Complaint that have been dismissed, no response is required.  No response is required to the legal conclusions in Paragraph 59.  To the extent a response is required, Defendant denies the allegations in Paragraph 59.

## COUNT II

### Breach of Express Warranty

### (on behalf of the Class and Subclass)

60.    Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

**ANSWER:**  Defendant incorporates by reference its responses to each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

61.    Through its products labeling and advertising on its 24/7 Life plastic products that Plaintiff and the Class and Subclass members had purchased, Defendant expressly warranted to Plaintiff and the other members of the Class and Subclass that these products were recyclable.

**ANSWER:**  No response is required to the legal conclusions in Paragraph 61.  To the extent a response is required, Defendant denies those allegations.  To the extent the allegations in Paragraph 61 purport to describe the labeling and advertising of a specific product, that labeling and advertising speak for themselves and Defendant refers to that labeling and advertising for a description of their contents.  Defendant denies the allegations in Paragraph 61 that purport to describe the labeling and advertising of a specific product to the extent they are inconsistent with that labeling and advertising.

62.    These affirmations of fact and promises regarding Defendant's 24/7 Life plastic products being recyclable were part of the basis of the bargain between Defendant and Plaintiff and the other members of the Class and Subclass.  Plaintiff and the other members of the Class and Subclass would not have purchased Defendant's 24/7 Life plastic products, or would have paid materially less for them, had they known that these affirmations and promises were false.

**ANSWER:**  To the extent the allegations in Paragraph 62 relate to portions of the Complaint that have been dismissed, no response is required.  No response is required to the legal conclusions in Paragraph 62.  To the extent a response is required, Defendant denies those allegations.  Defendant denies the remaining allegations in Paragraph 62.

63.    Defendant breached the express warranties it represented about its 24/7 Life plastic products being recyclable because, as set forth above, the 24/7 Life plastic products purchased by Plaintiff and the other members of the Class and Subclass were not actually recyclable.

**ANSWER:**  To the extent the allegations in Paragraph 63 relate to portions of the Complaint that have been dismissed, no response is required.  No response is required to the legal conclusions in Paragraph 63.  To the extent a response is required, Defendant denies those allegations.  Defendant denies the remaining allegations in Paragraph 63.

64.    As a direct and proximate result of Defendant's breach of its express warranties, Plaintiff and the members of the Class and Subclass have been damaged in an amount to be determined at trial.

**ANSWER:**  To the extent the allegations in Paragraph 64 relate to portions of the Complaint that have been dismissed, no response is required.  No response is required to the legal conclusions in Paragraph 64.  To the extent a response is required, Defendant denies the allegations in Paragraph 64.

### COUNT III
### Unjust Enrichment
### (on behalf of the Class and Subclass)

65.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1–48 above.

**ANSWER:** Defendant incorporates by reference its responses to each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

66.     Plaintiff and the other members of the Class and Subclass conferred a benefit on Defendant by purchasing its 24/7 Life plastic products.

**ANSWER:**  No response is required to the legal conclusions in Paragraph 66.  To the extent a response is required, Defendant denies the allegations in Paragraph 66.

67.     It is inequitable and unjust for Defendant to retain the revenues obtained from Plaintiff's and the other Class and Subclass members' purchases of Defendant's 24/7 Life plastic products because Defendant knowingly misrepresented that these products were recyclable and Plaintiff and the other members of the Class and Subclass would not have purchased Defendant's 24/7 Life plastic products, or would have paid less for them, had Defendant not made these misrepresentations.

**ANSWER:**  To the extent the allegations in Paragraph 67 relate to portions of the Complaint that have been dismissed, no response is required.  No response is required to the legal conclusions in Paragraph 67.  To the extent a response is required, Defendant denies those allegations.  Defendant denies the remaining allegations in Paragraph 67.

68.     Accordingly, because Defendant will be unjustly enriched if it is allowed to retain such funds, Defendant must pay restitution to Plaintiff and the other Class and Subclass members in the amount which Defendant was unjustly enriched by each of their purchases of Defendant's 24/7 Life plastic products.

**ANSWER:**  No response is required to the legal conclusions in Paragraph 68.  To the extent a response is required, Defendant denies the allegations in Paragraph 68.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class and Subclass, prays for the following relief:

26

1.      An order certifying the Class and Subclass as defined above;

2.      An award of actual or compensatory damages, or, in the alternative, disgorgement of all funds unjustly retained by Defendant as a result of its unfair and deceptive sales practices;

3.      An award of reasonable attorney's fees and costs; and

4.      Such further and other relief the Court deems reasonable and just.

**ANSWER:**  Defendant admits that Plaintiff seeks such relief but denies that Plaintiff is entitled to any relief whatsoever, denies that the Class or Subclass is entitled to relief, and denies that class certification is appropriate in this case.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof or persuasion as to any of the issues raised in these defenses (whether denominated as affirmative defenses or otherwise), as separate and distinct affirmative defenses to Plaintiff's Complaint, Defendant alleges as follows:

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint, and each purported claim contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### Second Affirmative Defense
### (Failure to Mitigate)

To the extent that Plaintiff and/or any person she purports to represent has suffered any damages as a result of the matters alleged in the complaint, which Defendant denies, Plaintiff and/or any person she purports to represent has failed to mitigate those damages and the claims therefore are barred, in whole or in part.

**Third Affirmative Defense**
**(Waiver)**

The Complaint, and each purported claim alleged therein, is barred by the conduct, actions, and inactions of Plaintiff, and/or any person she purports to represent, which amount to and constitute a waiver of the claims and any relief sought thereby.

**Fourth Affirmative Defense**
**(Estoppel)**

The Complaint is barred, in whole or in part, by the conduct, actions, and inactions of Plaintiff and/or any person she purports to represent, which amount to and constitute an estoppel of the claims and any relief sought thereby.

**Fifth Affirmative Defense**
**(Ratification)**

Plaintiff, and/or any person she purports to represent, has ratified the conduct alleged in the Complaint and therefore is barred from recovery against Defendant.

**Sixth Affirmative Defense**
**(Laches)**

Plaintiff, and/or any person she purports to represent, has unreasonably delayed taking action in connection with the alleged claims, causing substantial prejudice to Defendant, and such claims therefore are barred pursuant to the doctrine of laches.

**Seventh Affirmative Defense**
**(Lack of Standing)**

Because Plaintiff and/or the putative class has suffered no injury, they do not have standing to assert any claim against Defendant.

**Eighth Affirmative Defense**
**(Statute of Limitations)**

Any claim in Plaintiff's Complaint on behalf of allegedly injured individuals and/or putative class members is barred to the extent Plaintiff and/or putative class members seek damages or other relief for actions outside any applicable statute-of-limitations period.

**Ninth Affirmative Defense**
**(Unjust Enrichment)**

Any recovery by Plaintiff and/or the putative class as a result of this lawsuit would result in unjust enrichment.

**Tenth Affirmative Defense**
**(Safe Harbor)**

Defendant reserves the right to assert any safe harbor that is presently available, or that may be promulgated in the future, under or in connection with the ICFA.

**Eleventh Affirmative Defense**
**(No Actual or Proximate Injury)**

The relief sought by Plaintiff and/or the putative class is barred, in whole or in part, because they were not actually and proximately injured by reason of any action or omission of Defendant.

**Twelfth Affirmative Defense**
**(Lack of Deception or Misrepresentation)**

Plaintiff's claims are barred, in whole or in part, because there was no deceptive act or practice, and no misrepresentation or omission.

**Thirteenth Affirmative Defense**
**(Lack of Article III Standing)**

Plaintiff lacks Article III standing to pursue claims regarding products she did not purchase.

**Reservation of Defenses**
**(Additional Defenses)**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet stated, affirmative defenses. Defendant hereby reserves the right to assert other defenses and affirmative defenses as this action proceeds, the right to file an amended answer asserting additional defenses or affirmative defenses, and/or the right to file a cross-complaint, in the event that discovery indicates that such pleadings are appropriate.

Dated: December 16, 2022                    Respectfully submitted,

                                            */s/ Daniel M. Blouin*
                                            Daniel M. Blouin
                                            Frank A. Battaglia
                                            Tyler C. Richards
                                            WINSTON & STRAWN LLP
                                            35 W. Wacker Drive
                                            Chicago, IL 60601
                                            312-558-5600
                                            312-558-5700 (fax)
                                            DBlouin@winston.com
                                            FBattaglia@winston.com
                                            TRichards@winston.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on the 16th day of December, 2022, the foregoing was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois, and was served by operation of that Court's electronic filing system on all parties of record.

Dated: December 16, 2022

<u>/s/ Daniel M. Blouin</u>
Daniel M. Blouin