IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEVON CURTIS, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | Case No. 1:21-cv-06079 |
| Plaintiff, | ) ) | Judge Steven C. Seeger |
| v. | ) ) | Magistrate Judge Jeannice W. Appenteng |
| 7-ELEVEN, INC., | ) ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff Devon Curtis ("Plaintiff") brings this class-action lawsuit against Defendant 7-Eleven, Inc. ("7-Eleven") alleging that 7-Eleven has violated consumer protection laws, breached expressed warranties, and has been unjustly enriched by marketing its 24/7 Life products as recyclable when, as alleged, they are not.

Before the Court is a discovery dispute between Plaintiff and 7-Eleven. Plaintiff moves to compel 7-Eleven to: (1) produce class information, (Dkt. 43), and (2) produce a Rule 30(b)(6) witness regarding four topics, (Dkt. 49). For the reasons set forth below, the Court grants these motions in part.

**Background**

This class-action lawsuit was removed to federal district court on November 12, 2021. (Dkt. 1.) 7-Eleven subsequently moved to dismiss the suit for failure to state a claim, (Dkt. 12), which was denied by the District Judge. (Dkt. 24.) The District Judge then ordered Plaintiff to file a revised, proposed class definition in light of the

District Judge's ruling on the motion to dismiss. (Dkt. 29.) Plaintiff filed her First Amended Complaint with the following proposed class definition:

> All persons in the United States who, within the applicable statute of limitations, purchased any of Defendant's 24/7 Life plastic products that were labeled as recyclable and did not feature an RIC number on the product itself.

(Dkt. 31, ¶ 41.)

Plaintiff issued written discovery to 7-Eleven pertaining to class and merits discovery since the parties did not seek to bifurcate. (Dkt. 29.) Plaintiff filed the instant motions to compel in response to 7-Eleven's objections to certain class discovery requests and alleged insufficient productions.

## Legal Standard

Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). In the class action context where plaintiffs have not yet filed a motion to certify the class, "precertification discovery is appropriate concerning Rule 23's threshold requirements of numerosity, common questions/commonality, and adequacy of representation." *Gebka v. Allstate Corp.*, No. 19-cv-06662, 2021 WL 825612, at *7 (N.D. Ill. Mar. 4, 2021). Indeed, "the scope of discovery must be sufficiently broad to give the plaintiff a realistic opportunity to meet the requirements of class certification." *Id.*

Rule 30(b)(6) allows a party to "name as the deponent a . . . private corporation." Fed. R. Civ. P. 30(b)(6). "The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent

2

to testify on its behalf[.]" *Id.* A Rule 30(b)(6) deposition seeks the collective knowledge of the organization, not personal knowledge. *See id.* (the witness testifies about information "known or reasonably available to the organization"). Further, in its notice, the serving party "must describe with reasonable particularity the matters for examination." *Id.*

Whenever a party fails to respond to discovery, or when its response is insufficient, the requesting party may move to compel discovery. Fed. R. Civ. P. 37(a). In resolving such disputes, courts have broad discretion and adopt a liberal interpretation of discovery rules. *Chi. Reg'l Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F. Supp. 3d 1044, 1046 (N.D. Ill. 2018); *Whiteamire Clinic P.A., Inc. v. Quill Corp.*, No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013).

## Analysis

**I.    7-Eleven must respond to Plaintiff's Interrogatory No. 11 and RFP No. 20 as set forth in this Order.**

Plaintiff's Interrogatory No. 11 and RFP No. 20 seek identifying information for individuals who purchased one of 7-Eleven's 24/7 Life products nationwide during the relevant time period. 7-Eleven objects on the grounds that the information is not relevant at this time because no class is certified, the information requested is subject to confidentiality or privacy laws, and the requests seek documents and information not known to 7-Eleven or would require an unreasonable search of 7-Eleven's documents, among other reasons.[1]

---

[1] Specifically, the discovery requests and responses are as follows:

3

After the parties met and conferred regarding 7-Eleven's objections, Plaintiff filed the instant motion arguing that such information is relevant to establish a class under Rule 23, is necessary to Plaintiff's decision to narrow the class "to a specific set of states whose consumer protection laws are sufficiently similar to Illinois," and shows that the identities of putative class members can be identified. (Dkt. 43 at 4–5.) 7-Eleven responds that the requested information would "add[ ] nothing to the eventual debate as to whether this case should proceed as a class action," and it "merely objects to the current demand for customer specific data regarding sales throughout the country." (Dkt. 46 at 1–2.) In her reply, Plaintiff concedes that she

---

**Interrogatory No. 11:** Identify, including the name, address, and telephone number, any individual who you have a record of having purchased one of Your 24/7 Life Recyclable Products nationwide during the Relevant Time Period.

**ANSWER:** 7-Eleven objects to this Interrogatory in that it seeks documents or information that are not known, or otherwise would require an unreasonable search of 7-Eleven's documents. 7-Eleven also objects to this Interrogatory in that it seeks documents or information that is not relevant at this stage of the proceedings in that no class has been certified. 7-Eleven further objects to this Interrogatory as the information requested may be subject to confidentiality and/or privacy laws which would require the consent of those person(s), if any, to which the Interrogatory applies.

**RFP No. 20:** All Documents Identifying any customers who purchased Your 24/7 Life Recyclable Products nationwide during the Relevant Time Period.

**RESPONSE:** 7-Eleven objects to this Request to the extent it seeks information that is not reasonable or proportional, particularly given that the "Relevant Time Period" must be grounded in the particular facts and circumstances pertaining to Plaintiff's allegations with regards to 7-Eleven's 24/7 Life Recyclable Products (as defined by 7-Eleven in its General Objections). 7-Eleven further objects to this Request as the information requested may be subject to contractual confidentiality and/or statutory or common law confidentiality and/or privacy laws which would require the consent of those person(s), if any, to which the Request applies.

(Dkt. 43-1 at 14; Dkt. 43-2 at 18–19.)

4

"would not object to [7-Eleven] producing sales data that completely omits any identifying information such as first name, last name, or email address." (Dkt. 51 at 1–2.) The Court agrees with Plaintiff.

First, Plaintiff filed this lawsuit as a representative of a putative nationwide class of 7-Eleven customers who purchased similar products. The information sought in the contested discovery requests is the type of information Plaintiff would need to make her showings under Rule 23, including numerosity and common questions/commonality. *See Kernats v. Comcast Corp.*, No. 09 C 3368, 2010 WL 8742753, at *2 (N.D. Ill. Jan. 14, 2010).

Second, 7-Eleven's privacy concerns are alleviated because Plaintiff has conceded that she would accept sales data that omits identifying information. (Dkt. 51 at 2.)

Last, the Court finds it difficult to imagine how the requested information is "not known" to 7-Eleven or would require an unreasonable search of 7-Eleven's documents. In response to Plaintiff's discovery requests, 7-Eleven produced an Excel spreadsheet containing sales data for 24/7 Life and or 7-Select freezer bags and foam plates purchased from its Illinois stores. Plaintiff attached an excerpt of this spreadsheet to its motion, labeled SEI_0000270. (Dkt. 44.) The information in SEI_0000270 demonstrates to the Court that 7-Eleven maintains and has access to Illinois sales data on at least two of its products that arguably fall within Plaintiff's proposed class definition and that it produced this information without objection. Accordingly, in response to Plaintiff's Interrogatory No. 11 and RFP No. 20 the Court

5

orders 7-Eleven to produce nationwide sales data for 7-Eleven's 24/7 Life and 7-Select freezer bag and foam plate products, and in the same or similar format as SEI_0000270.

## II. 7-Eleven must produce a Rule 30(b)(6) witness to testify to Topic Nos. 7–10 in Plaintiff's Rule 30(b)(6) notice of deposition.

Plaintiff's motion seeks to compel 7-Eleven to provide a corporate representative(s) to testify about four topics identified in Plaintiff's Rule 30(b)(6) notice of deposition regarding "the universe of store brand products sold by [7-Eleven] during the relevant time period and whether any such products may have been labeled as recyclable."[2] (Dkt. 49 at 4.) Plaintiff seeks this witness testimony arguing that 7-Eleven has refused to produce such information in response to written discovery requests. (*Id.*) Plaintiff also points to 7-Eleven's assertion that "[7-Eleven] does not maintain documents and information in a manner that would allow it to target products meeting Plaintiff's proposed class definition." (Dkt. 53 at 4; Dkt. 54 at 2.)

---

[2] Specifically, the disputed topics of Plaintiff's Rule 30(b)(6) notice of deposition provide:

    7.     7-Eleven's inventory of "24/7 Life" products during the Relevant Time Period.

    8.     7-Eleven's inventory of "7-Select" products during the Relevant Time Period.

    9.     The design of the packaging for 7-Eleven's Inventory of "24/7 Life" products during the Relevant Time Period, including but not limited to any dishware, cookware, and/or utensils.

    10.     The design of the packaging for 7-Eleven's Inventory of "7-Select" products during the Relevant Time Period, including but not limited to any dishware, cookware, and/or utensils.

(Dkt. 49-4 at 3.)

7-Eleven makes three arguments in opposition, none of which the Court finds persuasive. First, 7-Eleven argues that it has complied with its discovery obligations because it has "produced nearly 200 pages of documents" that relate to its freezer bags and foam plates. (Dkt. 53 at 2.) However, Plaintiff's written discovery requests and notice of deposition topics – in light of her proposed class – seek information beyond freezer bags and foam plates. (*See* Dkt. 31, ¶ 41; Dkt. 49-1 at 13–14; Dkt. 49-2 at 12–13.)

Second, 7-Eleven argues that the motion is untimely. (Dkt. 53 at 5–7.) Although the motion was made after the close of discovery, the circumstances surrounding the timing of its filing – 7-Eleven objected to Plaintiff's timely written discovery requests, claiming the information did not exist, and objected to producing a Rule 30(b)(6) witness 30 days after the notice issued and one week before the close of discovery – demonstrate cause to excuse the untimeliness.

Last, 7-Eleven argues that the requested deposition topics are not narrowly tailored and are not stated with reasonable particularity as required by Rule 30(b)(6). (Dkt. 53 at 3–5.) The Court disagrees. Plaintiff's topics concerning 7-Eleven's inventory of "24/7 Life" and "7-Select" products and the design of the packaging of those products are sufficiently narrow and particular given the proposed class definition. (*See* Dkt. 31, ¶ 41.)

Therefore, the Court orders 7-Eleven to produce a Rule 30(b)(6) witness who will testify to Topic Nos. 7–10 of Plaintiff's Rule 30(b)(6) notice of deposition.

7

Additionally, the Court recognizes that testimony on these topics may lead to the identification of products outside of the freezer bags and foam plates identified in SEI_0000270, which the Court references above. If that is the case, the Court will allow Plaintiff to issue supplemental limited and narrowly-tailored written discovery requests on nationwide sales data for those newly discovered products within 30 days of the Rule 30(b)(6) deposition. If propounded, 7-Eleven is to respond to this limited supplemental written discovery consistent with the type of data and information produced in SEI_0000270.

## Conclusion

As set forth in this Order, 7-Eleven shall respond to Plaintiff's Interrogatory No. 11 and RFP No. 20 by producing nationwide purchase data for its 24/7 Life and 7-Select freezer bag and foam plate products, and in the same or similar format as SEI_0000270, and 7-Eleven shall produce a Rule 30(b)(6) witness to testify regarding Topic Nos. 7–10 in Plaintiff's Rule 30(b)(6) notice of deposition.

**So Ordered.**

_____
Jeannice W. Appenteng
United States Magistrate Judge

Dated: November 20, 2023