**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEVON CURTIS, individually and on behalf of similarly situated individuals, | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 21-cv-06079 |
| v. | ) ) | Hon. Steven C. Seeger |
| 7-ELEVEN, INC., a Texas corporation, | ) ) | |
| *Defendant.* | ) ) ) | |
| _____ | ) | |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF CLASS CERTIFICATION**

Plaintiff Devon Curtis ("Plaintiff"), through her undersigned counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure respectfully submits this Reply Memorandum of Law in further support of her Motion for Class Certification (Dkt. 76).

## I.  INTRODUCTION

Defendant's Opposition to Plaintiff's Motion for Class Certification (Dkt. 85) ("Opposition") introduces a wide swath of facts that have not only never been produced in discovery, but are more appropriate and relevant to a motion for summary judgment. Indeed, in the opening lines of Defendant's Opposition, Defendant essentially admits that it is seeking a ruling on the merits of Plaintiff's claims. However, as will be discussed in greater detail below, not only does the last-minute and ad hoc evidence submitted by Defendant fail to support its position that the plastic products that it marketed and sold as "recyclable" are actually recyclable, but more importantly, it actually supports Plaintiff's position that whether the Recyclable Products were falsely advertised is a common question of fact that lends itself to class resolution.

1

Defendant's remaining arguments are the same arguments that are raised by defendants in almost every class action involving low-cost consumer products and which numerous courts have denied. Indeed, if it was necessary to prove that *every* purchaser was actually deceived by a deceptive representation, no class action involving consumer goods would ever be certified and companies' deceptive conduct would continue without any recourse by consumers. Nor can Defendant summarily dismiss Plaintiff's expert opinion regarding the calculation of damages given his extensive knowledge of the exact issue before the Court of calculating the value and benefit corporations obtain from using eco-labels, including specifically labeling products as "recyclable." Moreover, as Plaintiff explained in his opening brief, courts uniformly find that any issues related to determining damages suffered by class members are not a bar to class certification. Nor does Defendant present any credible argument or analysis of the decisions that supported certification of a multi-state class of the exact same states as Plaintiff seeks here, and involving the same exact claims of false advertising of consumer goods. Ultimately, Defendant's Opposition fails to controvert the core tenets of Rule 23 that class certification is most appropriate in cases involving the type of claim brought by Plaintiff here involving a relatively small harm imposed upon hundreds of thousands of individuals as a result of uniform conduct by Defendant. For these reasons, and as argued in Plaintiff's opening brief, Plaintiff's proposed Class satisfies each of the elements under Fed. R. Civ. P. 23(a) and 23(b)(3) and warrants certification.

## II.     ARGUMENT

### A.     Defendant Fails To Establish That Its Recyclable Products Are Actually Recyclable.

Defendant's first argument in opposition to Plaintiff's Motion for Class Certification is actually nothing more than an improper attempt at summary judgment based on evidence that was not even submitted in the course of discovery. Specifically, Defendant essentially argues that

Plaintiff cannot certify a class because her claims fail on the merits because the plastic storage bags and foam bowls that are at issue (the "Recyclable Products") are actually recyclable. (*See* Opposition at 4, 12.) In support of this argument Defendant submits what is akin to investigative reporting evidence that supposedly two stores in the Chicagoland region would "accept" the storage bags and foam bowls for recycling. (*Id.* at 4.) However, Defendant's proffered evidence on this point not only fails to support its position, but actually supports Plaintiff's claim on the merits. To begin with, while the two stores at issue may have "accept[ed]" the products (*id.*; *see also* Declaration of Sebastian Deodat, Dkt. 85-11, at ¶¶ 3, 5), Defendant fails to provide any proof that the products *were* actually recycled. Indeed, a recent major investigation into similar independent (non-municipal) recycling providers who similarly claim to accept plastic bags found that the material is never actually recycled. (*See* https://pirg.org/edfund/resources/truth-in-recycling.) As the report by the Public Interest Research Group ("PIRG") revealed, when plastic film products were dropped off at stores offering drop-off recycling of such products, there was no evidence that *any* of them were actually recycled. Furthermore, while Defendant claims that it dropped off its foam bowls at a Dart store for recycling, Dart's recycling guidelines are abundantly clear, and consistent with Plaintiff's allegations, that "The guidelines for participation in the program are as follows: ***Make sure foam has the #6 chasing arrows symbol on it***." (www.dartcontainer.com/resources/media/news/dart-opens-free-foam-recycling-drop-off-in-chicago) (emphasis added). Nor does Defendant's expert, Dr. Robin Cantor, provide any further confirmation that the Recyclable Products are actually "capable of being recycled" *anywhere*, not just at some facility near to Plaintiff or any other class member beyond generally stating that different plastic products can be sorted without an RIC code. (Ex. 3 to Opposition, Dkt. 85-4, at ¶ 42.) If anything, it is Plaintiff's expert, Dr. Ellis Jones, who actually testified directly on this point

and stated that the foam plates and bowls at issue "cannot be recycled in any recycling facility in the United States," that in his "24 years of experience" he has never come across "[r]ecyclable polyethylene," and that "a plastic lacking an RIC code cannot be recycled." (Excerpts of the September 11, 2023 deposition of Dr. Ellis Jones, attached hereto as Exhibit A, at 47:6–10, 48:2–7, 51:11–15, 55:10–12).

Moreover, Defendant's argument actually supports class certification. That is, whether the Recyclable Products *are* in fact capable of being recycled is a common factual question that would apply to all putative class members claims such that class certification is appropriate. (*See* Opening Brief at 10) ("Whether the Recyclable Products are in fact "recyclable" even though they did not feature an RIC code is a common question that is subject to class-wide resolution"); *Mullins v. Direct Digital, LLC*, No. 13-cv-1829, 2014 WL 5461903, at *3 (N.D. Ill. Sept. 30, 2014), *aff'd*, 795 F.3d 654 (7th Cir. 2015) ("Whether the medical studies of Plaintiff's experts will show that [the product] . . . is not effective . . . is a question of fact common to the members of the proposed class"). Indeed, as other courts have held, at the class certification stage the Court does not "adjudicate th[e] case," but rather "select[s] the method best suited to adjudication of the controversy fairly and efficiently." *Rogers v. BNSF Ry. Co.,* 19-cv-3083, 2022 WL 854348, at *1 (N.D. Ill. Mar. 22, 2022) (quoting *Amgen v. Conn. Ret. Plans & Trust Funds,* 568 U.S. 455, 460 (2013)); *see also Bell v. PNC Bank, N.A.,* 800 F.3d 360, 377 (7th Cir. 2015) ("[A] court weighing class certification must walk a balance between evaluating evidence to determine whether a common question exists and predominates, without weighing that evidence to determine whether the plaintiff class will ultimately prevail on the merits").

**B.     Whether Defendant's Conduct Was Deceptive Is Based On A Common Objective Reasonable Consumer Test.**

While Defendant phrases it in various ways, Defendant ultimately makes the same repeated argument throughout its Opposition that class certification should be denied because "consumers had a variety of reasons and motivations for buying the products in question." (Opposition at 14, n. 10; *id.* at 16 (arguing that whether consumers had "preexisting knowledge regarding which items would be accepted by local recycling facilities" was an individual issue that predominated); *id.* at 19 (arguing that the class definition was overbroad because it would include people "for whom the 'recyclability' claim was completely irrelevant")). However, as this Court itself ruled on Defendant's Motion to Dismiss, whether the Recyclable Products were deceptively advertised is determined by applying a completely objective test of whether a "reasonable person" would be deceived—*not* whether it is deceptive to any particular individual. *See* Dkt. No. 24 at 24–25; *see also Benson v. Newell Brands, Inc.*, No. 19-cv-6836, 2021 WL 5321510, at \*5 (N.D. Ill. Nov. 16, 2021); *Mullins*, 2014 WL 5461903, at \*2; *Suchanek v. Sturm Foods, Inc.*, 311 F.R.D. 239, 259 (S.D. Ill. 2015); *Tylka v. Gerber Prod. Co.*, 178 F.R.D. 493, 498 (N.D. Ill. 1998) ("the ICFA employs an objective standard when determining the materiality of an alleged misrepresentation" such that "it is irrelevant whether a plaintiff believes a misrepresentation is material"). Indeed, while Defendant – as Plaintiff predicted – argues that it is necessary to prove that all class members actually saw the allegedly false advertising (Opposition at 16), courts have regularly found that predominance is satisfied where the misrepresentation was only just uniformly *presented* to all members of the class without having to prove that they actually relied on it. *Garner v. Healy*, 184 F.R.D. 598, 602 (N.D. Ill. 1999) ("[w]hen the fraud was perpetrated in a uniform manner against every member of the class, such as when all plaintiffs received virtually identical written materials from the defendants, courts typically hold that individual reliance questions do not predominate")

5

(quoting *Rohlfing v. Manor Care, Inc.,* 172 F.R.D. 330 (N.D. Ill. 1997)). Here, all of the Recyclable Products featured the same written disclosures that they were "recyclable" such that all of the putative class members were exposed to the same deceptive advertisements. *See Tylka*, 178 F.R.D. at 499 ("All allegedly fraudulent representations were conveyed through widely circulated and generalized advertisements").

Defendant's authorities otherwise are unpersuasive. In *In re Sears, Roebuck & Co. Tools Mktg. & Sales Pracs. Litig.*, No. 05-cv-2623, 2007 WL 4287511 (N.D. Ill. Dec. 4, 2007), the court's decision denying class certification was largely focused on the fact that the class was so broadly pled that it included a large number of products with "a varied mix of representations communicated through different channels and absorbed in different ways and to different degrees." 2007 WL 4287511, at *16. Here, by contrast, all of the putative class members bought one of two types of products which all featured identical claims of being recyclable. (*See* Opening Brief at 4–5.) Nor is the decision in *Langendorf v. Skinnygirl Cocktails, LLC*, 306 F.R.D. 574 (N.D. Ill. 2014) persuasive given that the plaintiff there did not present *any* evidence that the purported false advertising was somehow material. *Id.* at 583. Here, by contrast, Plaintiff's expert plainly explained that "[t]here is a long established consensus in the literature demonstrating that consumers are willing to pay a significant premium associated with socially and/or environmentally responsible products." (*See* Plaintiff's Expert Report of Dr. Ellis Jones, Dkt. 85-10, at 9; *see also* Dr. Jones Report, at 11 ("The term 'recyclable' is a desirable environmental attribute that consumers seek out in this pursuit and are thus willing to pay extra to purchase such products"); Deposition of Dr. Ellis Jones, Dkt. 85-6, at 40:13–16 ("most consumers, if not the vast majority, if not 100 percent, would prefer if there was no price difference, to consume products that are more environmentally responsible or socially responsible")).

Similarly, unlike the claims at issue here and in *Garner* and *Tylka* that involved an affirmative false statement that was actually presented to all class members, the claims in *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006) were based on the defendant's *lack* of disclosure that its fountain products were made from a different sugar than its canned products. 472 F. 3d at 514. As such, the Seventh Circuit correctly found that the claims presented issues with proving on a class basis that the alleged deception proximately caused any damage as any damages would depend on the class members knowledge of the allegedly withheld information—as opposed to affirmative statements made in a uniform manner to *all* class members as is the case here.

In short, accepting Defendant's arguments regarding proving that all of the class members bought a consumer product for a specific reason and had the same knowledge about the products' characteristics would make it impossible to ever bring a class action involving falsely advertised low-price consumer goods like the Recyclable Products at issue here. However, as numerous courts have held, the relevant standard of whether a reasonable consumer would be deceived by Defendant's "recyclable" advertising lends itself to class-wide determination that does not require individual inquiries into each class members' purchasing decision when the allegedly deceptive advertisement was uniformly disclosed to all class members.

### C. Plaintiff Has Provided A Valid Basis For Determining Damages On A Class Basis.

Predictably, Defendant takes great effort to undercut Plaintiff's efforts to seek redress for its uniformly deceptive conduct by arguing that class members were not uniformly harmed by its misrepresentations. (Opposition at 15–16.) To begin with, as will be explained in further detail in Plaintiff's opposition to Defendant's Motion to Exclude (Dkt. 87), Dr. Ellis Jones is more than qualified to provide an opinion as to the price premium associated with Defendant's false advertising of the Recyclable Products as being "recyclable." In fact, Dr. Jones has 24 years of

experience in the exact field that is at issue in this lawsuit studying and investigating companies' use of eco-labeling and "consumers demand and respon[se] to these efforts in the marketplace." (Dr. Jones Report, Dkt. 76-11, at 4.) Nor is Defendant correct that Dr. Jones did not review any marketing material, as Dr. Jones' report makes clear that he reviewed the labels that were featured on the Recyclable Products which were prominently featured in Plaintiff's First Amended Complaint. (*Id.* at 5.) Furthermore, while Defendant claims that Dr. Jones failed to provide a valid basis for his opinion and did not review Defendant's sales data (Opposition at 7), as Plaintiff's reply expert, Dr. Conor Carney made clear, Dr. Jones' methodology of conducting a meta-analysis of economic studies regarding the value of environmental claims is an accepted methodology in the field of environmental economics. (*See* Reply Expert Report of Dr. Conor Carney, Dkt. 87-4, at ¶¶ 12, 14, 16.) Indeed, other courts have similarly found that meta-analysis is an appropriate methodology for providing an expert opinion. *See Stathakos v. Columbia Sportswear Co.*, No. 15-cv-04543, 2017 WL 1957063, at *5 (N.D. Cal. May 11, 2017) ("Courts routinely allow experts to utilize their expertise in analyzing and compiling research in their field developed by others"); *Id.* at *5 (finding arguments that the expert's sources "are more than fifteen years old" and "conflict with [the expert's] opinions" "are pertinent to the weight a fact finder may give to [his] conclusion" but not to "admissibility" of his opinion). Furthermore, even if Dr. Jones did review Defendant's sales data, it would not have actually revealed anything about the impact of the labeling on consumer's purchasing decisions given that the products at issue carried the "recyclable" advertising from the beginning of the class period. That is, a review of Defendant's sales data would not show how much more, or less, consumers are willing to pay for recyclable versus non-recyclable products since there were no alternative non-recyclable products sold by Defendant.

While Defendant cites to *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013), *Comcast* makes clear that Dr. Jones' analysis is appropriate and consist with the requirements set forth by the Supreme Court because it measures only those damages attributable to Plaintiff's case theory: Defendant's deceptive packaging of its Recyclable Products caused Class members to pay for more than what they receive. 569 U.S. at 38. As will be explained in further detail in Plaintiff's opposition to Defendant's Motion to Exclude, while Defendant can challenge Dr. Jones' credibility before a jury for his failure to conduct the economic analysis that it believes is appropriate, such arguments are not grounds for dismissal of his opinion in support of class certification. *See, e.g. Flynn v. FCA US LLC*, No. 15-cv-0855, 2018 WL 2063871, at *4 (S.D. Ill. Jan. 31, 2018) ("While Defendants argue that Rogers' opinions are not grounded in, or generally accepted in, vehicle cybersecurity, but Rogers relied on his cybersecurity knowledge and experience, as well as research and publications related to cybersecurity in automobiles").

Finally, Defendant fails to address Plaintiff's argument that courts are in consensus that any issues relating to determining class member damages are not grounds for denying class certification. *See Tylka*, 178 F.R.D. at 499 ("If some class members incurred more damages than others as a result of their actual reliance, then those issues can be resolved when damages are determined"); *Flynn*, 327 F.R.D. at 224 ("Individualized questions regarding damages do not prevent certification under 23(b)(3)") (citing *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 810 (7th Cir. 2012)).

**D.    Other Courts Have Already Confirmed That There Are No Material Differences In The Consumer Protection Laws Of The Multi-State Class Plaintiff Seeks to Certify.**

Defendant also attempts to challenge Plaintiff's effort to seek certification of a multi-state class consisting of purchasers of the Recyclable Products in California, Florida, Massachusetts,

Michigan, Missouri, New Jersey, New York, and Washington alongside Illinois. (Opposition at 17.) Specifically, Defendant argues that Plaintiff fails to provide sufficient analysis as to why the consumers protection laws of the nine states are similar enough to warranty certification. (*Id.*) Defendant's argument, however, plainly ignores the fact that numerous courts have already undertaken that very analysis and granted certification in consumer labeling cases consisting of these same exact ten states. *See Benson*, 2021 WL 5321510, at * 9 (citing *Mullins*, 2014 WL 5461903; *Mednick v. Precor, Inc.*, 320 F.R.D. 140, 157 (N.D. Ill. 2017); *Suchanek*, 311 F.R.D. at 264). Indeed, Plaintiff does not see the need to recreate the very same "chart outlining various aspects of the ten states' laws in which they note that each state's law provides a private right of action, uses a reasonable-consumer standard, and allows for remedies in the form of actual damages or monetary relief" that was already submitted and considered in these other cases. *Benson*, 2021 WL 5321510, at * 9; *see Benson v. Newell Brands, Inc.*, No. 19-cv-6836, Dkt. 105-1 (N.D. Ill. July 14, 2021) (attached hereto as <u>Exhibit B</u>). Nor is Defendant correct that a multi-state class necessarily requires the involvement of a lead plaintiff from each state given that there were only two lead plaintiffs in *Benson* and just a single lead plaintiff in *Mullins*.

### E. Plaintiff's Claims Are Typical Of The Class That She Seeks To Represent.

Finally, Defendant attempts to challenge Plaintiff's adequacy and typicality to represent the putative class members by selectively summarizing her deposition testimony. Specifically, Defendant argues that Plaintiff knew that the plastic storage bags and foam plastic products were not recyclable but nonetheless purchased them such that her purchase must have been made based on convenience. (Opposition at 18.) Reading Plaintiff's deposition transcript in its entirety plainly shows that her claims are typical of the class and that she is an adequate class representative. Critically, Defendant leaves off important portions of Plaintiff's deposition testimony, including

10

where she explains in detail that she purchased the foam plates at issue because they were labeled as being "recyclable." (*See* Excerpts of the June 27, 2023 deposition of Devon Curtis, attached hereto as <u>Exhibit C</u>, at 41:6–17 (stating that "as a consumer when I'm looking at something I see a giant recycling symbol. That's – my eyes are obviously drawn to it in a minute, in a quick rush. And once I had the items at home I realized that this is falsely advertised for being recyclable"); 119:21–120:8 (stating "I had bought these in a quick manner, and being that they were advertised very largely on the front that they were recyclable in a quick minute grabbed them directly. So, yes, I willingly purchased them knowing that they were foam plates, *but that they were advertised in a certain specific way*.") (emphasis added)). This testimony, which Defendant intentionally left out of the excerpts that it submitted to the Court, plainly shows that Plaintiff was in fact concerned about the very mislabeling that is the basis for her claims.

Defendant also attempts to have it both ways by arguing that Plaintiff does not meet adequacy/typicality requirements because she is very knowledgeable and cares about recyclability of the products she purchases, while at the same time arguing that she did not care about the labeling on Defendant's Recyclable Products. (*See* Opposition at 5–6, 18.) However, as her testimony above demonstrates, Plaintiff acted just as any other class member visiting one of Defendant's convenience store locations.

Moreover, while Defendant challenges Plaintiff's adequacy to represent the putative class that she seeks to certify, Defendant completely ignores the fact that to meet adequacy requirements the lead plaintiff need only show that her claims do not conflict with those of the other class members and that she will prosecute the action vigorously on behalf of the class. *Benson*, 2021 WL 5321510, at *3 (citing *Dietrich v. C.H. Robinson Worldwide, Inc.*, No. 18-cv-4871, 2020 WL 635972, at *4 (N.D. Ill. Feb. 11, 2020)). Here, Defendant does not raise any argument that

Plaintiff's claims somehow conflict with that of the other class members, or that she has in any way failed to prosecute this action on behalf of the class. Similarly, typicality is satisfied where the plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." *Benson*, 2021 WL 5321510, at *3 (quoting *Howard v. Cook Cnty. Sheriff's Off.*, 989 F.3d 587, 605 (7th Cir. 2021)). Here, Plaintiff, along with all of the class members she seeks to represent, were subject to the same deceptive "Recyclable" advertisement such that all of their claims arise from the same exact conduct by Defendant. Furthermore, given that Plaintiff testified that she relied on Defendant's packaging in purchasing the Recyclable Products, as numerous courts have found in similar cases involving claims of deceptively advertised consumer goods, Plaintiff's claims are typical of the Class she seeks to represent. *Mullins*, 2014 WL 5461903, at *2; *also Suchanek*, 311 F.R.D. at 255 *Garner*, 184 F.R.D. at 604.

## III.    **CONCLUSION**

For the reasons stated in Plaintiff's opening brief in support of class certification, and those stated above, Plaintiff respectfully requests that the Court certify the proposed Class, appoint Plaintiff as Class Representative, appoint her counsel as Class Counsel, and direct notice to be issued to the Class in a form to be determined.

Dated:  April 1, 2024                                  Respectfully submitted,

                                                        DEVON CURTIS, individually and on
                                                        behalf of a class of similarly situated
                                                        individuals,


                                                        By: */s/Eugene Y. Turin*

Eugene Y. Turin
Brendan Duffner
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
bduffner@mcgpc.com

*Attorneys for Plaintiff and the Putative
Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2024, I electronically filed the foregoing *Plaintiff's Reply Memorandum of Law In Further Support of Class Certification* with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

Dated: April 1, 2024          By: */s/Eugene Y. Turin*
                                       Eugene Y. Turin